David R. TUCK, Appellant,

v.

TEXAS POWER AND LIGHT COMPA-NY, INC., et al., Appellees.

No. 12468.

Court of Civil Appeals of Texas, Austin.

Nov. 10, 1976.

Rehearing Denied Nov. 24, 1976.

J. W. Thomas, Jr., Temple, for appellant.

John B. Daniel, Jr., Daniel, Tarver & Secrest, Temple, Burford, Ryburn & Ford, Dallas, for Texas Power & Light Company, Inc.

J. F. Skelton and W. E. Reeder, Barney L. Knight, City Atty., Temple, for City of Temple and David M. Bandy.

SHANNON, Justice.

This is an appeal from the judgment of the district court of Bell County dismissing appellant's lawsuit for want of jurisdiction. Appellant is David R. Tuck, a resident of the City of Temple. Appellees are Texas Power and Light Company, its president and district manager, and the City of Temple and its Board of Commissioners. We will affirm the judgment.

Appellant's suit was an effort to "annul" a 1975 ordinance adopted by the Board of Commissioners which provided an electric rate increase. Appellant sought a declaration that the rates to be charged for electricity in Temple were excessive and unlawful. Appellant further sued for "reparations" to the extent those rates were excessive and unlawful. By his suit appellant purported to act individually and, in addition, to represent the class of persons who comprise the customers of the utility company in Temple.

In response to appellant's petition, appellees filed, among other things, respective pleas to the jurisdiction. The district court granted those pleas and entered a judgment dismissing appellant's suit. The judgment recited that appellant's suit was dismissed for the reason that the court did not have jurisdiction of the subject matter and for the further reason that appellant had no

justiciable right or interest in the subject matter of the suit.

At the outset, it is important to recognize that this is not a case wherein a utility consumer complains of discrimination in the charge made against him as compared to the charges made other such consumers. Likewise, this suit is not one filed by the utility against a municipality premised upon the allegation of an unreasonable rate structure.

█ The City of Temple is a home rule city pursuant to Tex.Const. Art. XI, § 5. As such, Temple has full power of self-government, that is, full authority to do anything the legislature theretofore could have authorized it to do. *Lower Colorado River Authority v. City of San Marcos,* 523 S.W.2d 641 (Tex.1975), *Forwood v. City of Taylor,* 147 Tex. 161, 214 S.W.2d 282 (1948).

Texas Rev.Civ.Stat.Ann. art. 1175(12) grants specific authority for home rule cities to fix and regulate utility rates.[1] The Board of Commissioners exercised that authority by the enactment of the rate ordinance.

█ We will affirm the judgment upon the basis that appellant has no justiciable interest in the controversy. To have standing to maintain the suit, appellant must have had a justiciable interest in the controversy which was distinguishable from the public in general. Appellant did not plead any damage peculiar to himself and not in common with every electric utility user in Temple. *Hazelwood v. City of Cooper,* 87 S.W.2d 776 (Tex.Civ.App.1935, writ ref'd), *Jenkins v. City of Cooper,* 87 S.W.2d 778 (Tex.Civ.App.1935, writ ref'd). See also *Schenker v. City of San Antonio,* 369 S.W.2d 626 (Tex.Civ.App.1963, writ ref'd n. r. e.).

The judgment is affirmed.

Affirmed.

---

1. The Public Utility Regulatory Act, Tex.Rev.Civ.Stat.Ann. art. 1446c, is not applicable to this cause.