**CITY OF HOUSTON, Appellant,**

v.

**PUBLIC UTILITY COMMISSION OF TEXAS et al., Appellees.**

**No. 13150.**

Court of Civil Appeals of Texas, Austin.

May 21, 1980.

Rehearing Denied June 11, 1980.

Robert M. Collie, Jr., City Atty., Harriet E. Hubacker, Asst. City Atty., Houston, for appellant.

Mark White, Atty. Gen., Martha V. Terry, Asst. Atty. Gen., Austin, for Public Utility Commission.

Robert J. Hearon, Jr., Graves, Dougherty, Hearon & Moody, Austin, and William R. Brown, Baker & Botts, Houston, for Houston Lighting & Power Company.

SMITH, Justice.

The City of Houston ("City"), in its capacity as an interested regulatory authority, filed suit in district court appealing from the order of the Public Utility Commission ("PUC"), entered in its Docket No. 2001, authorizing an increase in rates to be charged by Houston Lighting and Power Company ("HL&P") to its customers in certain unincorporated areas. Appellant prayed for injunctive relief preventing the PUC and HL&P from implementing the increase.

At hearing, the trial court sustained HL&P's motion to dismiss and the PUC's special exceptions. Specifically, it found that:

(1) the City had received no injury entitling it to injunctive relief because the rates charged in the City of Houston were not established in Docket No. 2001;

(2) the City had no justiciable interest because the City was only allowed to participate in the administrative hearing on Docket No. 2001 as an interested regulatory authority; and

(3) the City had not exhausted its administrative remedies because the rates to be charged the City were pending in Docket No. 2248 and no final order of the PUC had been issued thereon.

The order of dismissal specifically gave the City the right to amend its petition so as to show a justiciable interest. A "First Amended Original Petition" was subsequently filed. The amended petition added

the sentence: "Plaintiff brings this action in its corporate capacity as a customer of Houston Lighting & Power Company subject to the rates set by the Public Utility Commission of Texas in its Docket No. 2001."

At hearing on the sufficiency of the pleadings, HL&P urged (1) that the City had participated in the hearings before the PUC in the capacity of an "interested regulatory authority, not as a ratepayer" and could not appeal from the Commission's order in a different capacity from that in which it had participated before the Commission; (2) that it could not change its capacity by the vehicle of an amended petition; and (3) that, even if the amended petition were treated as the original petition in a new and independent lawsuit, under the provisions of Article 6252–13a, § 19(b) (Supp.1980), it was filed too late. The trial court sustained HL&P's motion to dismiss and entered a "Final Judgment of Dismissal Nunc Pro Tunc."

Appellant has duly perfected its appeal to this Court, but has not filed a statement of facts.

Initially, we must decide whether the City has standing to challenge the utility rate order promulgated by the PUC.

The City was allowed to participate in the administrative hearing in Docket No. 2001 as an "intervenor."[1] As such, it argues that it has standing to challenge the administrative decision in that same docket number in the courts under the provisions of Tex.Rev.Civ.Stat. Ann. art. 1446c, § 69

(1980) ("PURA") and art. 6252–13a, § 19 (Supp.1980) ("APA").

Article 1446c, Section 69, provides that "any party to a proceeding before the commission is entitled to judicial review under the substantial evidence rule." However, this provision must be read with Section 19 of Article 6252–13a which provides that "a person . . . who is aggrieved by a final decision in a contested case is entitled to judicial review . . . ."

It is well established that one may not complain of errors in a judgment which do not affect him injuriously or which merely affect the rights of others. *Shell Petroleum Corporation v. Grays*, 131 Tex. 515, 114 S.W.2d 869 (1938). The right to appeal rests only in an aggrieved party to a lawsuit. *McFarling v. Lapham*, 489 S.W.2d 435 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.).

We do not recognize that appellant's status before the Commission as an "intervenor" is conclusive of the issue of its "justiciable interest." On the contrary, we find that, as a matter of law, appellant did not have a "justiciable interest" in an administrative hearing which determined appellees' rates only in areas outside appellant's corporate limits.

The City contends that, because it was allowed to fully participate in the hearing before the PUC as an intervenor, it became a "party" entitled to appeal under Section 69 of PURA. Although Section 69 provides that a mere "party" may appeal, we hold that such a party must also be

---

1. Rule 052.01.00.022 of the *Rules of Practice and Procedure* adopted by the PUC on June 9, 1978, defines six categories of persons who may participate in proceedings before the Commission:

   (1) Applicant (Petitioner). Any party who has by written petition, including appeals, applied for or seeks an available remedy from the Commission.

   (2) Protestant. A person opposing any matter contained in applications or petitions submitted to the Commission.

   (3) Complainant. A person complaining to the Commission of any act or omission committed by any person subject to the jurisdiction of the Commission.

   (4) Respondent. Any person against whom any complaint has been filed or who is under formal investigation by the Commission or the applicable municipality in any appeal to the Commission from the decision of the governing body of such municipality.

   (5) Intervenor. A party other than those listed above who, upon showing a justiciable interest, is permitted to become a party to a proceeding.

   (6) Staff. The employees of the Public Utility Commission of Texas who represent the public interest in any proceeding.

aggrieved by the agency action. Section 4 of PURA provides that the APA applies to all proceedings under PURA when the two acts are consistent. *Southwestern Bell Telephone Company v. Public Utility Commission*, 560 S.W.2d 157 (Tex.Civ.App.—Austin), *rev'd on other grounds*, 571 S.W.2d 503 (Tex.1978). As a party must show a justiciable interest in order to appeal from agency action under the APA, he must likewise do so under PURA.

■ For a party to be aggrieved by a final decision setting utility rates, he must allege and show how he has been injured or damaged other than as a member of the general public. Only then may he seek to enjoin the ratemaking actions of the PUC. *Scott v. Board of Adjustment*, 405 S.W.2d 55 (Tex.1966); *City of West Lake Hills v. State ex rel. City of Austin*, 466 S.W.2d 722 (Tex.1971).

■ There are instances where no special injury is required to be shown. However, *to come within one of these categories, the statute must show that the special injury requirement was waived by the Legislature.* *Scott v. Board of Adjustment, supra.* We find no such exemption in PURA.

■ Appellant's "Original Petition" claimed no special injury. It asserted that the rate increase was ". . . excessive, exorbitant and confiscatory of the *public's property*," and that ". . . *Plaintiff and all said company's customers* will be deprived of their rights . . . because of payment of . . . excessive, unreasonable and unlawful rates. . . ."

As there is no statement of facts on file in this cause, we must also assume that no special injury was presented to the trial court at hearing. *Englander Company v. Kennedy*, 428 S.W.2d 806 (Tex.1968).

Accordingly, the trial court was correct in holding that the City had no justiciable interest and in dismissing its original suit.

The City then filed an amended petition bringing suit in its capacity ". . . as a customer of Houston Lighting and Power subject to the rates set by the Public Utility Commission of Texas in its Docket No.

2001." HL&P filed motion to dismiss alleging that the City could not now change its capacity from that which it held during the hearings before the PUC; that it could not change capacity by way of an amended petition; and that, even if the City's petition were held to initiate a new and independent lawsuit, it was filed too late. The trial court sustained the motion of dismissal.

Assuming, *arguendo*, that appellant could change its capacity in its amended petition to that of a customer-ratepayer, it still did not allege a justiciable interest sufficient to challenge a duly promulgated rate order of the PUC.

■ Utility ratemaking is a legislative function. *Railroad Commission v. Houston Natural Gas Corporation*, 155 Tex. 502, 289 S.W.2d 559 (1956). This legislative function has been delegated to the PUC to ". . . assure rates, operations and services which are just and reasonable to the customer." PURA, Section 2.

■ Before enactment of PURA, the law was well established that, absent some special damage peculiar to himself, an individual ratepayer has no standing to challenge legislative action. *Holland v. Taylor*, 153 Tex. 433, 270 S.W.2d 219 (1954); *Yett v. Cook*, 115 Tex. 205, 281 S.W. 837 (1926); *City of San Antonio v. Stumburg*, 70 Tex. 366, 7 S.W. 754 (1888); *Tuck v. Texas Power & Light Company, Inc.*, 543 S.W.2d 214 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.); *Hines v. Texas Telephone & Telegraph Co.*, 490 S.W.2d 953 (Tex.Civ.App.—Tyler 1973, no writ); *Franks v. Welch*, 389 S.W.2d 142 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.); *Schenker v. City of San Antonio*, 369 S.W.2d 626 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.).

The Legislature is presumed to have noticed preexisting law when it enacted PURA. *Southwestern Bell Telephone Company v. Public Utility Commission, supra; Humble Pipe Line Co. v. State*, 2 S.W.2d 1018 (Tex.Civ.App.—Austin 1928, writ ref'd). As it did not provide to the contrary in PURA, we must assume that the Legisla-

ture intended this standing requirement to be applicable to proceedings under the Act.

As the City alleged no special damage but only amended its original petition to change its capacity to that of a "ratepayer," it again failed to bring forth a justiciable interest entitling it to judicial review.

Accordingly, the judgment of the district court is affirmed.

Affirmed.

PHILLIPS, C. J., not sitting.