Charles G. HOOKS, Jr., et ux.,
Appellants,

v.

TEXAS DEPARTMENT OF WATER RESOURCES et al., Appellees.

No. 13209.

Court of Civil Appeals of Texas,
Austin.

July 2, 1980.
Rehearing Denied July 23, 1980.

L. A. Greene, Jr., Houston, for appellants.

Mark White, Atty. Gen., Hon. James D. Marston, Asst. Atty. Gen., Austin, for Texas Dept. of Water Resources, Texas Water Commission, Felix McDonald, Dorsey B. Hardeman and Joe R. Carroll.

Earl L. Yeakel, III, Kammerman, Yeakel & Overstreet, Austin, for George H. Musterman, Inc.

SMITH, Justice.

Appellants, Charles G. Hooks, Jr., and Irma Hooks, filed an appeal in the 250th District Court of Travis County, from an order by the Texas Water Commission which granted a waste discharge permit to George H. Musterman, Inc. After a hearing, the court below upheld the action of the Texas Water Commission. It is from the trial court's final judgment that appellants have perfected this appeal.

Appellants have brought forward ten points of error complaining of the action of the hearing examiner in admitting into evidence certain written documents which appellants contend are hearsay and in taking official notice of certain specific rules and documents published by the Commission. They also protest the sufficiency of the hearing examiner's findings of fact and the right of the applicant to do business in Texas.

Appellants had actual notice of the hearing and prior thereto filed a protest alleging that they owned land adjacent to and downstream from the point of discharge, and that they would be persons affected if the permit were issued. Subsequently, the hearing examiner designated appellants as parties "who may be affected by the action that may be taken as a result of the hearing." Tex. Water Code Ann. § 26.022 (Supp. 1980).

At the hearing before the Commission, appellants objected to the admission of evidence, the action taken by the hearing examiner, the sufficiency of the findings of fact and the legal status of the applicant, but presented only one witness, Charles G. Hooks, III. He testified that he grew up on the Hooks' tract downstream from the proposed point of waste discharge; that he had been familiar with the Hooks' land for more than 25 years; that his parents were the appellants, Charles G. Hooks, Jr., and Irma K. Hooks; that they presently resided on the Hooks' property which was designated in the map in evidence as "agricultural grazing land"; and that he was not at the hearing to personally object to the application.

He agreed with the general description of Willow Creek as being a small creek with intermittent flow, meandering through property and heavily wooded along both banks, and that the creek was often dry during the summer months in drought type weather. He stated that his parents did not draw water from the creek but indicated that at times in the past, when cattle had been run on the property, cattle did drink water from it. However, he could not state that it was a fairly dependable source of stock water.

The record is completely silent as to how the appellants might be affected by the issuance of the subject permit. There is no evidence of the size of the Hooks' property, the location of appellants' residence in relation to the stream, or what affect, if any, they believe or anticipated the proposed wastewater discharge might have on their agricultural grazing land.

Certainly appellants were proper parties to participate in the permit hearing. The question before this Court is, having participated in the hearing, did they make sufficient showing that they would be affected by the issuance of the permit to give them standing to appeal the Commission's action. We hold the record fails to show the appellants had any recognizable "justiciable interest" and, without such interest, they have no standing in the courts.

There is a distinction between the right to participate in an administrative proceeding and the right to a judicial re-

view of final agency action. *Stone v. Texas Liquor Control Board*, 417 S.W.2d 385 (Tex. 1967). The necessity of a justiciable interest has long been recognized in obtaining judicial review of administrative action. *See: Lake Transports, Inc. v. Railroad Commission of Texas*, 505 S.W.2d 781 (Tex. 1974). Furthermore, as this Court recently pointed out in *City of Houston v. Public Utility Commission of Texas*, 599 S.W.2d 687 (Tex.Civ.App.—Austin, 1980), the fact that a party is allowed to participate in an administrative hearing is not conclusive of the issue of a "justiciable interest" for purposes of judicial review of agency action.

Texas Water Code Ann. § 5.351 (Supp. 1980) provides:

"(a) A person *affected* by a ruling, order, decision, or other act of the department may file a petition to review, set aside, modify or suspend the act of the department."

However, the Administrative Procedure Act also applies to actions before the Texas Water Commission. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, Section 3(1) (Supp. 1980). Where the Administrative Procedure Act is germane, its provisions are to be harmonized with those of any other applicable statute. *City of Houston v. Public Utility Commission of Texas, supra; Robinson v. Bullock*, 553 S.W.2d 196 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.).

Accordingly, we hold that Section 5.351 of the Texas Water Code must be read with the judicial review provisions of Article 6252–13a, Section 19(a) which state:

"[a] person . . . who is *aggrieved* by a final decision in a contested case is entitled to judicial review . . . ."

It is well established at common law that one may not complain of errors in a judgment which do not affect him injuriously or which merely affect the rights of others. *Shell Petroleum Corporation v. Grays*, 131 Tex. 515, 114 S.W.2d 869 (1938). The right to appeal rests only in an aggrieved party to a lawsuit. *McFarling v. Lapham*, 489 S.W.2d 435 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). As the Legislature did not provide to the contrary in the Water Code or in the Administrative Procedure Act, this jurisdictional rule must be held implicit in Section 5.351 of the Water Code. *See: City of Houston v. Public Utility Commission, supra; Humble Pipe Line Co. v. State*, 2 S.W.2d 1018 (Tex.Civ.App.—Austin 1928, writ ref'd).

For a party to be aggrieved by the granting of a waste disposal permit, he must allege and show how he has been injured or damaged other than as a member of the general public. There are instances where no special injury is required to be shown. However, to come within one of these categories, the statute must show that the special injury requirement was waived by the Legislature. *Scott v. Board of Adjustment*, 405 S.W.2d 55 (Tex. 1966). The Water Code contains no such exemption.

The word "aggrieved" refers to a substantial grievance, a denial of some legal or equitable personal or property right, or the imposition upon a party of a burden or obligation. The mere fact that a person may be hurt in his feelings, or be disappointed over a certain result, or be subject to inconvenience, annoyance, or discomfort, or even expense, does not necessarily constitute a party "aggrieved." 4 C.J.S. *Appeal & Error* § 183 (1957).

The exact point where a party becomes a "person aggrieved," in an administrative hearing, and thus entitled to judicial review, is far from clear. This obscurity has resulted from the lack of legislative uniformity in drafting administrative legislation as well as from the proliferation of court decisions engendered by compelling, yet inconsistent, fact situations.

The Supreme Court dealt with this inconsistent use of statutory language by the Legislature in *City of San Antonio v. Texas Water Commission*, 407 S.W.2d 752 (Tex. 1966). There, it was claimed that the City had no justiciable interest in the Water Commission's granting of a permit to appropriate water for municipal purposes from the Canyon Dam Reservoir to the City's competitor. At the time of hearing,

Section 12 of old Article 7477 (now repealed) provided that ". . . any person affected by any ruling, order, decision, or other act of the Board . . . may file a petition . . ." for review of such action. Section 14 provided that ". . . any party aggrieved by any judgment or order of the district court . . shall have the right to a review on appeal . . . ." The Court equated "persons affected" and "persons aggrieved" and held that a party falling in one category also falls in the other.

In *City of Frisco v. Texas Water Rights Commission,* 579 S.W.2d 66 (Tex.Civ. App.—Austin 1979, writ ref'd n.r.e.), a case which arose in much the same manner as *City of San Antonio,* this Court noted that:

> "*To start the judicial machinery in motion, a plaintiff should be required to assert an interest of his own,* but once the judicial machinery is in motion, any party should be allowed to argue for what he asserts to be desirable, including the interest of other parties and the interest of the public." (Emphasis added.)

Davis, *Administrative Law Treatise* § 22.21, at p. 786 (Supp. 1970). We continue to adhere to this principal. The distinguishing factor in the case at bar is that appellant has completely failed to plead or show any "interest of his own."

As has been previously demonstrated, appellants introduced no evidence at hearing which showed any justiciable interest. Likewise, they did not plead or show such interest at trial.

In their "Second Amended Original Petition," the pleading actually before the trial court below, appellants merely alleged that "Your plaintiffs own land adjacent, contiguous and downstream from the land described in the application for such sewage treatment plant." This allegation is also a complete summary of appellants' proof. There is no allegation that appellants were "persons affected" by the issuance of the permit, nor that they were "persons aggrieved" by the agency's action.

Furthermore, we refuse to equate the mere physical proximity of appellants' lands to the creek as, in itself, establishing a justiciable interest. "Although the difference between requiring at least a trivial interest and not requiring it is a slight one, drawing the line between nothing and something seems both natural and sound." Davis, *Administrative Law Treatise, supra.*

Had appellants shown any "justiciable interest," however trivial, they would be in a completely different posture in attacking the decision of the agency on the procedural points raised in their brief. Without some showing that appellants have been affected or aggrieved by the agency's decision, a review of the agency's administrative procedure would clearly be an advisory opinion on how the agency should conduct its business. Such opinions are beyond the jurisdiction of the courts of this State. Tex.Const. art. V, § 6; Tex.Rev.Civ.Stat. Ann. arts. 1819, 1822 (1964); *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641 (1933).

It should be noted that appellants do not claim to bring suit for the protection of the general public's right to a procedurally pure administrative hearing. *See: Yett v. Cook,* 115 Tex. 205, 281 S.W. 837 (1926). The Legislature of this State has not been unaware that the public generally is entitled to have their interest protected. Pursuant to this awareness, the Legislature has mandated the creation of "an office of public interest within the department." Tex. Water Code Ann. §§ 5.011, 5.181 (Supp. 1980).

As the district court was without jurisdiction in this cause, our only course is to reverse the judgment of the district court and render judgment that the cause be, and is, hereby dismissed.

Judgment vacated.

PHILLIPS, C. J., not sitting.