**CITY OF HOUSTON, et al., Appellants,**

v.

**PUBLIC UTILITY COMMISSION OF TEXAS, et al., Appellees.**

No. 13352.

Court of Civil Appeals of Texas, Austin.

June 24, 1981.

Rehearing Denied July 15, 1981.

Edward A. Cazares, City Atty., James L. Dougherty, Jr., Senior Asst. City Atty., Houston, Randall B. Strong, City Atty., Baytown, for appellants.

Mark White, Atty. Gen., Martha V. Terry, Asst. Atty. Gen., Austin, Robert J. Hearon, Jr., Graves, Dougherty, Hearon & Moody, Austin, William R. Brown, Baker & Botts, Houston, for appellees.

SHANNON, Justice.

This is an appeal from judgment of the district court of Travis County dismissing an administrative appeal.

Appellants, the Cities of Houston and Baytown, filed the administrative appeal from an order of the Public Utility Commission entered in an electric utility rate proceeding. Appellee Houston Lighting and Power Company intervened in the district court suit and filed its plea to the jurisdiction and motion to dismiss, claiming that the cities had no justiciable interest or standing to file the administrative appeal.

The district court rendered judgment sustaining appellee's plea to the jurisdiction and dismissing the administrative appeal. This Court will reverse the judgment and remand the cause to district court for trial on the merits.

Houston Lighting and Power Company filed an application with the Commission to increase its electric rates. The Cities of Houston and Baytown intervened and participated in the rate hearing before the Commission. After the Commission entered an order adverse to their contentions, the cities filed an administrative appeal to the district court of Travis County pursuant to the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19. In its petition in district court, the City of Houston pleaded specifically that it filed the administrative appeal in its capacity (1) as a ratepayer, and (2) in its capacity as a regulatory body and party in the Commission proceeding. The City of Baytown pleaded simply that it was a party to the Commission proceeding in which the adverse order was entered.

In its plea to the jurisdiction, appellee power company alleged *inter alia* that the cities had no justiciable interest or standing to file the administrative appeal either as (1) ratepayers or (2) regulatory bodies.

The cities attack the district court's judgment dismissing the suit, claiming that they were not required to demonstrate special injury to appeal the Commission's order to district court. The cities insist that the special injury requirement under the case law was abrogated by the enactment of the Public Utility Regulatory Act, Tex.Rev.Civ. Stat.Ann. art. 1446c and the Administrative Procedure and Texas Register Act. The Public Utility Commission joins the cities in urging this contention.

In defense of the district court's judgment, the power company relies upon the opinion of this Court in *City of Houston v. Public Utility Comm'n*, 599 S.W.2d 687 (Tex.Civ.App.—Austin), writ ref'd n.r.e., *per curiam*, 610 S.W.2d 732 (Tex.1980). Because that opinion is of importance in the resolution of this appeal, the opinion will be examined in detail. In that case, the electric power company filed an application to increase the rates charged by it to customers in certain unincorporated and rural areas near Houston. The City of Houston intervened and participated in the hearing in its capacity as a *regulatory body* opposing the rate increase. The City, in its capacity as a *regulatory body*, filed an administrative appeal from the Commission's order allowing an increase in rates.

Upon challenge by the power company, the district court concluded that the City had no justiciable interest or standing to appeal the Commission's order because the City had participated in the agency hearing only as an interested regulatory body. The district court dismissed the City's administrative appeal, but granted leave to the City to amend its petition to plead justiciable interest or standing.

The City filed an amended petition pleading that it filed the administrative appeal from the agency order in its capacity as a ratepayer of the power company. The power company again filed a motion to dismiss urging *inter alia* that because the City had participated in the agency hearing in the capacity as an interested regulatory body, and not as a ratepayer, it could not file an administrative appeal in a different capacity from that in which it had participated before the agency. The district court sustained the motion and dismissed the City's administrative appeal.

This Court on appeal examined § 69 of the Public Utility Regulatory Act, that allows any party to a proceeding before the Commission to obtain judicial review, and § 19 of the Administrative Procedure and Texas Register Act, which provides that a person who is aggrieved by a final decision in a contested case is entitled to judicial review. We held that a party to a proceeding before the Commission must also demonstrate that he is aggrieved by the Commission's order before he can maintain an administrative appeal to district court. The further holding in the case was that the City, in its capacity as a regulatory body, was not injured or aggrieved by an order of

the Commission affecting rates only in areas outside the City's corporate limits, and that accordingly, its administrative appeal was properly dismissed by the district court.

This Court suggested further in the opinion that had the City intervened and participated in the proceeding before the Commission as a ratepayer, and had it filed an administrative appeal in that capacity, it still would have not been an aggrieved party since it alleged no special injury peculiar to itself.

Upon application for writ of error in *City of Houston v. Public Utility Comm'n, supra,* the Supreme Court in a *per curiam* opinion noted its agreement with the judgment of this Court that the City "... had no standing to bring this action and the trial court properly dismissed the suit." *Id.,* p. 732. The Supreme Court stated further that its refusal of the City's application for writ of error, no reversible error, should not be viewed as approval or disapproval of the language in this Court's opinion that a party must demonstrate "special injury" to be entitled to judicial review under the Public Regulatory Act, Tex.Rev.Civ.Stat.Ann. art. 1446c, § 69.

■ This Court has reconsidered the question and now holds that it is not necessary for a party to demonstrate "special injury" to obtain judicial review of an order of the Public Utility Commission. The reasons for our holding follow.

Prior to the enactment of the Public Utility Regulatory Act, there was no statewide regulation of electric utilities in this state. Before the Act, the power to regulate such utilities had been vested almost exclusively in municipalities. Pleitz & Little, "Municipalities and the Public Utility Regulatory Act," 28 Baylor L.Rev. 977, 981 (1976). Under Tex.Rev.Civ.Stat.Ann. art. 1175 (1963), the home-rule cities exercised control over rates by ordinance with no provision for appeal. The only recourse available to a dissatisfied ratepayer was by original suit in district court for injunctive relief challenging the ordinance. All of the public policy arguments developed under the common law for limiting general challenges to

a city's ordinance authority were available in defense of such suits, including the necessity for the ratepayer to show special injury as distinguished from that of the public in general. See *Tuck v. Texas Power & Light,* 543 S.W.2d 214 (Tex.Civ.App.1976, writ ref'd n.r.e.); *Schenker v. City of San Antonio,* 369 S.W.2d 626 (Tex.Civ.App.1963, writ ref'd n.r.e.). Few ratepayers were able to demonstrate special injury, therefore, the utility company usually prevailed in such suits.

Statewide regulation of utilities is a distinct departure from local regulation of the past. The Legislature, by enactment of the PURA, recognized the past inadequacies of utility regulation. By that Act, the Legislature attempted, for the first time, to create a comprehensive system for statewide regulation of utility services and rates, including provisions for determining who may appeal from rates set by the municipal ordinances and who may appeal from the Commission's orders to district court. Articles IV and V of the Act control proceedings before home-rule cities. More specifically, § 26 of Art. IV sets out the mode of appeal from rates set by city ordinance to the Public Utility Commission. Finally, § 69 provides *that any party to a proceeding before the Commission is entitled to judicial review.*

The language of § 69 employed to permit judicial review is expansive. Such language permits any party to the proceeding before the Commission to seek judicial review. After consideration, this Court had concluded that § 69 represents a legislative effort to broaden the opportunity for judicial review in utility cases at the expense of the common-law rule requiring a showing of special interest. The phrase "any party" must necessarily include those parties not showing special interest, as well as those showing special interest. We are of the opinion that by virtue of § 69 the necessity for a party to demonstrate a special interest to appeal administrative orders in utility cases no longer obtains.

This Court adheres to its holding in the prior opinion that a party to the proceeding

before the Commission, nonetheless, must plead and prove that he was aggrieved by the agency order in order to appeal to district court. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19.

■ The term "aggrieved" refers to a substantial grievance, a denial of some personal or property right or the imposition of a burden or obligation upon a party. *See Gardiner v. Kennelly* 79 R.I. 367, 89 A.2d 184 (1952). In our view, the cities, as ratepayers, were aggrieved by the Commission's order in that the increase in electric rates imposed upon them an added financial obligation or burden. *See Hooks v. Texas Dept. of Water Resources*, 611 S.W.2d 417 (Tex.1981); II Cooper, STATE ADMINISTRATIVE LAW 554 (1965).

Since the cities, as ratepayers, have standing to take the administrative appeal, it is not necessary in this opinion to determine whether the cities, in their regulatory capacity, have standing under similar facts to take such an appeal.

Because we have determined that the cities had standing to take the administrative appeal, the judgment of the district court dismissing the case for want of jurisdiction is reversed and the cause is remanded to district court for determination on the merits.