

# The Attorney General of Texas

May 7, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James E. Nugent
Chairman
Railroad Commission of Texas
P. O. Box 12967
Austin, Texas 78711

Opinion No. MW-335

Re: Whether an individual citizen ratepayer may appeal from a municipal gas rate ordinance as a party under section 26(a) of article 1446c, V.T.C.S.

Dear Chairman Nugent:

You have asked the following questions:

1. May an individual citizen ratepayer appeal from a municipal gas rate ordinance as a "party to a rate proceeding before the governing body of a municipality" under section 26(a), article 1446c, V.T.C.S., or is such individual limited to the appellate procedure set forth in section 26(b)?

2. If said individual can appeal from a municipal gas rate ordinance under section 26(a), is such appeal dependent upon a showing of special injury not common to other ratepayers?

3. If said individual can appeal from a municipal gas rate ordinance under section 26(a), can said individual, without formal party designation by the city council, attain party status within the meaning of section 26(a) through active participation before the city council, i.e., by submitting written statements of position, cross-examining utility witnesses, and engaging in informal discovery with the utility?

The facts are as follows: after considering on nine occasions a proposal for a rate increase submitted by Entex, Inc., the San Marcos city council passed a rate ordinance setting Entex's rates. Thereafter, a San Marcos resident contested the ordinance by filing with the Railroad Commission an instrument entitled "In re: The Appeal of Lena Green, on behalf of Residential Consumers of Natural Gas Services Supplied by Entex, Inc., in the City of San Marcos, from action by the City of San Marcos, Texas." This instrument alleged that the commission had jurisdiction to

entertain the appeal under article 1446c, section 26(a), V.T.C.S.    (The Public Utility Regulatory Act, or "PURA"), which provides that:

> (a) Any party to a rate proceeding before the governing body of a municipality may appeal the decision of the governing body to the commission or railroad commission.

The ratepayer had not complied with section 26(b), which provides that:

> (b) Citizens of a municipality may appeal the decision of the governing body in any rate proceeding to the commission or railroad commission through the filing of a petition for review signed by the lesser of 20,000 or 10 percent of the number of qualified voters of such municipality.

Entex filed a plea to the jurisdiction of the Railroad Commission asserting that the ratepayer lacked standing to appeal under section 26(a) because she was not a "party" to the rate proceeding.  The stipulated facts reveal that although Ms. Green's attorney participated in several council  hearings on the Entex matter, no motion requesting intervention as a party to the proceeding was filed with the city council and the ratepayer's name does not appear in the minutes of the council hearings. Because the ratepayer was not an original party to the proceeding and was not later designated as a party by the city council, Entex contends that she is not a party under section 26(a).  Ms. Green, on the other hand, takes the position that active participation in the proceeding before the council is sufficient to confer party status upon her.

Your first question is whether a citizen ratepayer may appeal from a municipal gas rate ordinance as a "party" under section 26(a) or whether such individual is in all instances limited to the appellate procedure set forth in section 26(b).  We do not think the legislature intended to preclude citizens from ever qualifying as parties and are therefore of the opinion that a citizen may qualify as a party and appeal under section 26(a).  The critical inquiry concerns the criteria that must be satisfied in order for a citizen to become a party within the meaning of that section.

The PURA does not define the term "party."  However, section 4 of article 1446c states that "[t] he Administrative Procedure and Texas Register Act applies to all proceedings under this Act except to the extent inconsistent with this Act."  The Administrative Procedure and Texas Register Act (hereinafter "APTRA") defines a "party" as "each person or agency named or admitted as a party."  V.T.C.S. art. 6252-13a, $3(5).  Considering these sections together, we conclude that the definition of "party" in APTRA also applies to the PURA; accordingly, a "party" under section 26(a) is "each person or agency named or admitted as a party."  In this context, we note that although APTRA does not apply to proceedings before municipal governing bodies, we are concerned with determining who may appeal decisions of those bodies to the Public Utilities Commission or to the Railroad Commission, which are governed by APTRA.

Having concluded that a "party" is "each person or agency named or admitted as a party," we must ascertain the meaning of the phrase "named or admitted."  May an

individual not originally named as a party to a proceeding be "admitted" as a party only by formally requesting and receiving designation as a party by the governing body? Or may one become a party through active participation in the proceeding?

Absent any indication of the meaning of "named or admitted as a party" in either the PURA or APTRA, we must resort to outside sources to assist us in determining the meaning that the legislature most likely intended to ascribe to the phrase. See Huntsville Ind. School District v. McAdams, 221 S.W. 2d 546 (Tex. 1949). One such source is case law. Texas case law, however, affords little help in this inquiry. Several cases have dealt with attempts by citizen ratepayers to appeal municipal rate ordinances, see, e.g., San Antonio Independent School District v. City of San Antonio, 550 S.W. 2d 262 (Tex. 1976); Tuck v. Texas Power and Light Co., Inc., 543 S.W. 2d 214 (Tex. Civ. App. - Austin 1976, writ ref'd n.r.e.); Schenker v. City of San Antonio, 369 S.W. 2d 626 (Tex. Civ. App. - San Antonio 1963, writ ref'd n.r.e.), but these cases involved attempted appeals to the courts rather than to administrative agencies. Moreover, each case was decided on the basis of whether the complainant had exhausted his administrative remedies, was a proper representative in a class action, or had a justiciable interest in the controversy sufficient to permit suit in state court. In our view, they offer little help in determining what the legislature intended when it authorized appeals to the Public Utility Commission or the Railroad Commission by persons "named or admitted as a party" to a rate proceeding.

State v. Gutschke, 233 S.W. 2d 446 (Tex. 1950), is cited in the briefs submitted to us for the proposition that the failure to file pleadings or to otherwise indicate a desire to become a party at the municipal level does not preclude an individual from qualifying as a "party" under section 26(a). In Gutschke, a county judge denied an application for a retailer's on-premises beer license and the applicant appealed under former article 667-6 of the Penal Code. The district court granted the application, and the Texas Supreme Court held that the citizen-protestants could challenge that ruling in the Court of Civil Appeals. The court noted that article 667-6 "evidently contemplates that [proceedings before the county judge] shall be of less than judicially formal character, without requirement of any written. . . pleadings [as a] prerequisite to. . . becoming a party to the cause. . . ." 233 S.W. 2d at 448.

In our opinion, however, Gutschke is not dispositive of the issue before us. First, article 667-6 set up an entirely different regulatory scheme and employed different terminology than that involved in the PURA, which was enacted 25 years later. This is important in view of the Gutschke court's emphasis upon the fact that its decision turned upon the precise wording of article 667-6. Second, the significance, if not the validity, of Gutschke has since been undercut by the Texas Supreme Court's decision in Stone v. Texas Liquor Control Board, 417 S.W. 2d 385 (Tex. 1967). Stone, which also construed former article 667-6, pointed out that Gutschke did "not hold that the statutory authorization to participate in the hearing before the county judge carries with it the right of appeal to the courts." 417 S.W. 2d at 386. Whatever limited assistance Gutschke might have provided in this inquiry has, in our view, been eroded by the Stone decision.

The federal counterpart to APTRA, the Administrative Procedure Act, 5 U.S.C. sections 551-576 define a "party" as:

> ... a person or agency <u>named or admitted as a party</u>, or properly seeking and entitled as of right to be admitted as a party, in an agency proceeding, and a person or agency admitted by an agency as a party for limited purposes. (Emphasis added).

Section 551(3). Unfortunately, the Administrative Procedure Act also fails to shed any light on the meaning of the phrase "named or admitted as a party." Federal case law does indicate that federal courts have expanded the class of persons who may intervene as parties in administrative proceedings and have allowed agencies broad discretion in determining whom they will admit as intervenors, <u>see</u> <u>Office of Communication of United Church of Christ v. F.C.C.</u>, 359 F. 2d 994 (D.C. Cir. 1966), <u>appeal after remand</u>, 425 F. 2d 543 (D. C. Cir. 1969), but the cases do not indicate whether formal designation by an agency is an absolute prerequisite to becoming an intervenor party.

In its brief, counsel for Entex asserts that:

> [T] he requirement that parties be expressly named or expressly admitted in pleadings [is] important and obvious. Otherwise, others in the proceeding would be unable to determine from the record who their adversaries are or whether the adversaries are in fact entitled to intervene. Indeed, if named parties are unable to determine who the proposed intervenors are, then the named parties would be unable to even object to the admission of intervenors. Further, the tribunal itself may be unable to determine the identity of the parties; a test based upon the degree of participation in a given instance would lead to situations, such as this one, in which there is a serious fact issue of whether a person is a party.

Brief for Entex, at page 12. Counsel also correctly pointed out that both the Railroad Commission and the Public Utility Commission require formalized pleadings in their administrative hearings. <u>See</u> 4 West's Texas Forms <u>Administrative Practice and Procedure</u> §36.52 (1977); 5 West's Texas Forms <u>Administrative Practice and Procedure</u> §37.95 (1977). On the other hand, the hearing examiner in this case, while he did not agree that the degree of participation in a proceeding should necessarily determine whether a person has been admitted as a party, did observe that the degree of participation by Ms. Green's attorney was such that Entex could not claim surprise and concluded that equity dictated a jurisdictional finding in her favor. It is important to note, however, that the hearing examiner also stated that normally "it is incumbent upon a participant desiring party status to do all things necessary to insure a determination of that status, particularly when all that is required is a simple oral or written motion." Railroad Commission Jurisdictional Ruling, Docket No. 1907, at 5-6, January 3, 1980.

After reviewing the available authorities and considering the briefs submitted in this case, we conclude that the legislature, in employing the phrase "named or admitted as a party," most likely intended that an individual not originally named as a

party to a rate proceeding before a municipal governing body may be "admitted" as a party only if he requests party status and is then designated as a party by the governing body.  Mere participation in the proceeding, in other words, is insufficient to confer party status upon an individual such as the ratepayer in this case.  One desiring party status must request the governing body to confer such status upon him, and that body may then accept or reject such request in accordance with its own rules.

This interpretation furthers the legislature's intent as we perceive it.  If a ratepayer could qualify as a party merely by participating in rate hearings before municipal governing bodies, the express requirements of article 1446c, section 26(b), V.T.C.S., would, in an instance such as this, be abrogated.  There would be no reason for a ratepayer to attempt to comply with the petition requirements of section 26(b) if he could accomplish the same result by appearing at council meetings and thereafter filing an "appeal on behalf of residential consumers."  Additionally, if "degree of participation" is to be the applicable standard in determining whether an individual has attained party status, each case would ultimately require a decision after the fact as to whether enough participation had occurred.  Finally, allowing an individual to become a party through active participation would mean that the governing body would have little control over who could intervene as a party.  We therefore answer your third question in the negative.

The remaining question is whether an appeal under article 1446c, section 26(a), V.T.C.S., is further dependent upon a showing of special injury not common to other ratepayers.

Prior to the enactment of the PURA, courts held that ratepayers had no standing to challenge in the courts utility rates set by a governing body when the ratepayer could not show any damage peculiar to himself.  Tuck v. Texas Power and Light Co., Inc., supra; Schenker v. City of San Antonio, supra; Hazelwood v. City of Cooper, 87 S.W. 2d 776 (Tex. Civ. App. - Texarkana 1935, writ ref'd).  These holdings were based on the principle that the complaining party must have a justiciable interest in the controversy distinguishable from the public in general.  It has also been held in motor carrier cases that a right to appeal presupposes standing to appeal. Lake Transport, Inc. v. Railroad Commission of Texas, 505 S.W. 2d 781 (Tex. 1974); Permian Basin Coaches, Inc. v. Railroad Commission of Texas, 531 S.W. 2d 374\ (Tex. Civ. App. - Austin 1975, no writ).

These cases, however, involved attempts to obtain judicial review of final agency action, rather than agency review of action taken by a municipal governing body.  We have found no authority for the proposition that an individual must demonstrate specialized injury in order to have standing to appeal in the latter instance.  On the contrary, language in a recent court of civil appeals decision bolsters the view that the opposite is true.  In Hooks v. Texas Department of Water Resources, 602 S.W. 2d 389, 391-92 (Tex. Civ. App - Austin 1980), rev'd on other grounds, 611 S.W. 2d 417 (Tex. 1981), the court stated that:

> There is a distinction between the right to participate in an administrative proceeding and the right to a judicial review of

final agency action.  Stone v. Texas Liquor Control Board, 417 S.W. 2d 385 (Tex. 1967). The necessity of a justiciable interest has long been recognized in obtaining judicial review of administrative action.

The Texas Supreme Court has, moreover, recently cast some doubt on the question of whether a party must even demonstrate special injury in order to be entitled to judicial review of agency action under the PURA.  In City of Houston v. Public Utilities Commission, 610 S.W. 2d 732 (Tex. 1980), which refused writ of error, no reversible error, in City of Houston v. Public Utilities Commission, 599 S.W. 2d 687 (Tex. Civ. App. - Austin 1980), the Supreme Court stated that:

> In refusing the City's application for writ of error, no reversible error, our action is not to be interpreted as approving or disapproving the holding of the court of civil appeals that a party must demonstrate "special injury" to be entitled to judicial review under the Public Utility Regulatory Act.

We have observed that section 26(a) of the PURA states that "[a]ny party to a rate proceeding before the governing body of a municipality may appeal the decision. . . to the commission or railroad commission."  Neither this section, the remaining sections of the PURA, nor the Administrative Procedure and Texas Register Act expressly limit the right of someone who has qualified as a party under section 26(a) to appeal a municipal governing body's decision to either commission.  We decline to read into section 26(a) an additional requirement that in order to appeal to either commission, an individual must demonstrate some special injury, especially in light of the Supreme Court's recent decisions in City of Houston v. Public Utilities Commission, supra, and Hooks v. Texas Department of Water Resources, supra.  We therefore answer your second question in the negative.

## SUMMARY

An individual citizen ratepayer may appeal from a municipal gas rate ordinance as a "party to a rate proceeding before the governing body of the municipality" provided he was originally named as a party to the proceeding or was subsequently admitted as a party by the governing body.  An individual may not attain party status merely by participating actively in the proceeding before the city council.  Once an individual has been named or admitted as a party at the municipal level, his right to appeal under section 26(a) is not further dependent upon a showing of special injury not common to other ratepayers.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Bruce Youngblood