TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00055-CV






Diana Benker, Appellant



v.



The Texas Department of Insurance and Jose Montemayor, Commissioner, (1) Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 97-12645, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 Diana Benker sued the Texas Department of Insurance and the Commissioner of
Insurance ("TDI"), seeking judicial review of a consent order. (2) TDI entered into the consent
order with Enterprise Rent-A-Car and related entities ("Enterprise"). (3) Benker appeals from the
trial-court order granting TDI's plea to the jurisdiction. We will affirm the trial-court order.

The Controversy


 The controversy involves Enterprise's sale of supplemental liability insurance to
consumers renting its cars. On August 8, 1997, Benker sued Enterprise in Harris County, Texas,
alleging various violations of the Texas Insurance Code. On August 26, 1997, after a fraud
investigation, TDI entered this consent order. Enterprise agreed to refund to consumers a
percentage of the premiums paid and to reimburse TDI $50,000 for investigative costs. As part
of the settlement, TDI allowed Enterprise to condition the refund on the consumer releasing it
from further claims stemming from the subject matter of the order.

 After unsuccessfully attempting to intervene in the TDI proceedings, Benker sought
judicial review of the consent order. TDI filed a plea to the jurisdiction asserting, among other
grounds, that Benker lacked standing to seek judicial review. The trial court granted the plea in
an order that did not specify any particular ground. On appeal, Benker contends that article
1.04(a) of the Texas Insurance Code confers subject-matter jurisdiction in these circumstances and
that sovereign immunity does not bar her suit for judicial review because it is based on
constitutional claims and seeks no damages. We conclude that appellant did not establish standing.


Standing



 There is no general statutory authorization to appeal an agency action. Appellant
argues that article 1.04(a) (4) of the Texas Insurance Code authorizes her appeal and confers subject-matter jurisdiction in the district court. Such authorizing statutes generally have been held to
encompass or codify the requirements of constitutional standing. See Hooks v. Texas Dep't of
Water Resources, 611 S.W.2d 417, 419 (Tex. 1981); Lake Transport, Inc. v. Railroad Comm'n,
505 S.W.2d 781, 785 (Tex. 1973); Public Util. Comm'n v. J.M. Huber Corp., 650 S.W.2d 951,
955-56 (Tex. App.--Austin 1983, writ ref'd n.r.e.).

 A lack of standing deprives a court of subject-matter jurisdiction because standing
is an element of such jurisdiction. See Texas Ass'n of Business v. Air Control Bd., 852 S.W.2d
440, 444-45 (Tex. 1993). The Texas Open Courts provision contemplates access to the courts
only for those suffering an injury: "All courts shall be open, and every person for an injury done
her . . . shall have remedy by due course of law." Tex. Const. art. I, § 13 (emphasis added); see
Texas Ass'n of Business, 852 S.W.2d at 444. To establish standing, one must show a justiciable
interest, which requires that one allege actual or imminent threat of injury peculiar to one's
circumstances and not suffered by the public generally. Texas Rivers Protection Ass'n v. Texas
Natural Resource Conservation Comm'n, 910 S.W.2d 147, 151 (Tex. App.--Austin 1995, writ
denied) (riparian ownership distinguished litigant's injury from that of public at large). The injury
may be economic, recreational, or environmental. City of Bells v. Greater Texoma Util. Auth.,
790 S.W.2d 6, 11 (Tex. App.--Dallas 1990, writ denied). A plaintiff must plead facts that
affirmatively demonstrate standing; that is, the plaintiff must affirmatively show jurisdiction. See
Texas Ass'n of Business, 852 S.W.2d at 446.


The Consent Order


 The consent order authorized Enterprise to offer consumers who rented a car from
Enterprise during the relevant period a refund of a portion of Enterprise's improper charges for
liability insurance. As part of the settlement, Enterprise was allowed to condition the right to
receive a refund on the consumer's waiving further action against it. TDI agreed to take no
further action against Enterprise on this particular matter if Enterprise completed the refund
process. The consent order in no way purports to limit any affected consumer to the remedy
outlined in the consent order. It authorizes Enterprise to make an offer that any consumer can
accept or reject and offers Enterprise certain benefits for making these refunds available.

 Although Benker's pleadings show that she is a consumer who apparently will be
eligible for this refund offer, she does not show how the order injures her. She has many
complaints about the consent order; in short, she thinks the order too favorable to Enterprise. She
complains vigorously about the waiver provision. However, the order does not purport to compel
Benker to accept the offer as her only remedy. She may reject the offer and choose to pursue her
litigation. She has not established any impairment of any right that would establish standing.

 Our determination that Benker lacks standing also disposes of her contention in her
second point of error that sovereign immunity does not bar her suit because she does not seek
monetary damages. We overrule Benker's two points of error and conclude that the trial court did
not have subject-matter jurisdiction over the suit for judicial review. Accordingly, we affirm the
trial-court order of dismissal.



 

 J. Woodfin Jones, Justice

Before Chief Justice Aboussie, Justices Jones and Kidd

Affirmed

Filed: June 17, 1999

Do Not Publish Released for publication July 15, 1999. Tex. R. App. P. 47.3(c).

1. This appeal was originally filed in the name of the predecessor to the present Commissioner. 
We have substituted the current holder of that office as the proper party to this proceeding. See
Tex. R. App. P. 7.2(a).
2. On this day, we have decided another case with identical issues. See Siebenmorgen v. Texas
Dep't of Ins., No. 3-98-054 (Tex. App.--Austin June 17, 1999, no pet. h.) (not designated for
publication).
3. The entities involved were: Enterprise Rent-A-Car, Enterprise Leasing Company of
Houston, Enterprise Leasing Company of DFW, Enterprise Rent-A-Car Company of Texas,
Enterprise Leasing Company--Southwest and Enterprise Leasing Company--West.
4. The part of the article germane to this appeal reads: "If any insurance company or other
party at interest be dissatisfied with any ruling, action, decision, regulation, order, rate, rule,
form, act, or administrative ruling adopted by the Commissioner, such dissatisfied company or
party at interest after failing to get relief from the Commissioner, may file a petition . . . in the
District Court of Travis County . . . ." Tex. Ins. Code Ann. art. 1.04(a) (West Supp. 1999).


g deprives a court of subject-matter jurisdiction because standing
is an element of such jurisdiction. See Texas Ass'n of Business v. Air Control Bd., 852 S.W.2d
440, 444-45 (Tex. 1993). The Texas Open Courts provision contemplates access to the courts
only for those suffering an injury: "All courts shall be open, and every person for an injury done
her . . . shall have remedy by due course of law." Tex. Const. art. I, § 13 (emphasis added); see
Texas Ass'n of Business, 852 S.W.2d at 444. To establish standing, one must show a justiciable
interest, which requires that one allege actual or imminent threat of injury peculiar to one's
circumstances and not suffered by the public generally. Texas Rivers Protection Ass'n v. Texas
Natural Resource Conservation Comm'n, 910 S.W.2d 147, 151 (Tex. App.--Austin 1995, wri