TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00054-CV






Alan Siebenmorgen, Appellant



v.



The Texas Department of Insurance and Jose Montemayor, Commissioner, (1) Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 97-09664, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 







 Alan Siebenmorgen sued the Texas Department of Insurance and the Commissioner
of Insurance ("TDI"), seeking judicial review of a consent order. (2) TDI entered into the consent
order with the Hertz Corporation and Reliance National Insurance Company ("Hertz"). 
Siebenmorgen appeals from the trial-court order granting TDI's plea to the jurisdiction. We will
affirm the trial-court order.

The Controversy


 This controversy involves Hertz's sale of supplemental liability insurance to
consumers renting its cars. In June 1996, Siebenmorgen sued Hertz (3) in Harris County, Texas,
alleging various violations of the Texas Insurance Code. In June, 1997, after a fraud
investigation, TDI entered this consent order. Hertz agreed to refund to consumers a percentage
of the premiums paid and to reimburse TDI $50,000 for investigative costs. As part of the
settlement, TDI allowed Hertz to condition the refund on the consumer releasing it from further
claims stemming from the subject matter of the order.

 After unsuccessfully attempting to intervene in the TDI proceedings, Siebenmorgen
sought judicial review of the consent order. TDI filed a plea to the jurisdiction, asserting, among
other grounds, that Siebenmorgen lacked standing to seek judicial review. The trial court granted
the plea in an order that did not specify any particular ground. On appeal, Siebenmorgen contends
that article 1.04(a) of the Texas Insurance Code confers subject-matter jurisdiction in these
circumstances and that sovereign immunity does not bar his suit for judicial review because it is
based on constitutional claims and seeks no damages. We conclude that appellant did not establish
standing.

Standing



 There is no general statutory authorization to appeal an agency action. Appellant
argues that article 1.04(a) (4) of the Texas Insurance Code authorizes his appeal and confers subject-matter jurisdiction in the district court. Such authorizing statutes generally have been held to
encompass or codify the requirements of constitutional standing. See Hooks v. Texas Dep't of
Water Resources, 611 S.W.2d 417, 419 (Tex. 1981); Lake Transport, Inc. v. Railroad Comm'n,
505 S.W.2d 781, 785 (Tex. 1973); Public Util. Comm'n v. J.M. Huber Corp., 650 S.W.2d 951,
955-56 (Tex. App.--Austin 1983, writ ref'd n.r.e.).

 A lack of standing deprives a court of subject-matter jurisdiction because standing
is an element of such jurisdiction. See Texas Ass'n of Business v. Air Control Bd., 852 S.W.2d
440, 444-45 (Tex. 1993). The Texas Open Courts provision contemplates access to the courts
only for those suffering an injury: "All courts shall be open, and every person for an injury done
him . . .shall have remedy by due course of law." Tex. Const. art. I, § 13 (emphasis added); see
Texas Ass'n of Business, 852 S.W.2d at 444. To establish standing, one must show a justiciable
interest, which requires that one allege actual or imminent threat of injury peculiar to one's
circumstances and not suffered by the public generally. Texas Rivers Protection Ass'n v. Texas
Natural Resource Conservation Comm'n, 910 S.W.2d 147, 151 (Tex. App.--Austin 1995, writ
denied) (riparian ownership distinguished litigant's injury from that of public at large). The injury
may be economic, recreational, or environmental. City of Bells v. Greater Texoma Util. Auth.,
790 S.W.2d 6, 11 (Tex. App.--Dallas 1990, writ denied). A plaintiff must plead facts that
affirmatively demonstrate standing; that is, the plaintiff must affirmatively show jurisdiction. See
Texas Ass'n of Business, 852 S.W.2d at 446.


The Consent Order



 The consent order authorized Hertz to offer consumers who rented a car from Hertz
during the relevant period a refund of a portion of Hertz's improper charges for liability insurance. 
As part of the settlement, Hertz was allowed to condition the right to receive a refund on the
consumer's waiving further action against it. TDI agreed to take no further action against Hertz
on this particular matter if Hertz completed this refund process. The consent order in no way
purports to limit any affected consumer to the remedy outlined in the consent order. It authorizes
Hertz to make an offer that any consumer can accept or reject and offers Hertz certain benefits for
making these refunds available.

 Although Siebenmorgen's pleadings show that he is a consumer who apparently will
be eligible for this refund offer, he does not show how the order injures him. He has many
complaints about the consent order; in short, he thinks the order too favorable to Hertz. He
complains vigorously about the waiver provision. However, the order does not purport to compel
Siebenmorgen to accept the offer as his only remedy. He may reject the offer and choose to
pursue his litigation. He has not established any impairment of any right that would establish
standing.

 Our determination that Siebenmorgen lacks standing also disposes of his contention
in his second point of error that sovereign immunity does not bar his suit because he does not seek
monetary damages. We overrule Siebenmorgen's two points of error and conclude that the trial
court did not have subject-matter jurisdiction over his suit for judicial review. Accordingly, we
affirm the trial-court order of dismissal.



 

 J. Woodfin Jones, Justice

Before Chief Justice Aboussie, Justices Jones and Kidd

Affirmed

Filed: June 17, 1999

Do Not Publish

1. This appeal was originally filed in the name of the predecessor to the present Commissioner. 
We have substituted the current holder of that office as the proper party to this proceeding. See
Tex. R. App. P. 7.2(a).
2. On this day we have decided another case with identical issues. See Benker v. Texas Dep't
of Ins., No. 3-98-055-CV (Tex. App.--Austin June 17, 1999, no. pet. h.) (not designated for
publication). 
3. Reliance underwrites the supplemental liability insurance sold by Hertz.
4. The part of the article germane to this appeal reads: "If any insurance company or other
party at interest be dissatisfied with any ruling, action, decision, regulation, order, rate, rule,
form, act, or administrative ruling adopted by the Commissioner, such dissatisfied company or
party at interest after failing to get relief from the Commissioner, may file a petition . . . in the
District Court of Travis County . . . ." Tex. Ins. Code Ann. art. 1.04(a) (West Supp. 1999).


 of
Water Resources, 611 S.W.2d 417, 419 (Tex. 1981); Lake Transport, Inc. v. Railroad Comm'n,
505 S.W.2d 781, 785 (Tex. 1973); Public Util. Comm'n v. J.M. Huber Corp., 650 S.W.2d 951,
955-56 (Tex. App.--Austin 1983, writ ref'd n.r.e.).

 A lack of standing deprives a court of subject-matter jurisdiction because standing
is an element of such jurisdiction. See Texas Ass'n of Business v. Air Control Bd., 852 S.W.2d
440, 444-45 (Tex. 1993). The Texas Open Courts provision contemplates access to the courts
only for those suffering an injury: "All courts shall be open, and every person for an injury done
him . . .shall have remedy by due course of law." Tex. Const. art. I, § 13 (emphasis added); see
Texas Ass'n of Business, 852 S.W.2d at 444. To establish standing, one must show a justiciable
interest, which requires that one allege actual or imminent threat of injury peculiar to one's
circumstances and not suffered by the public generally. Texas Rivers Protection Ass'n v. Texas
Natural Resource Conservation Comm'n, 910 S.W.2d 147, 151 (Tex. App.--Austin 1995, writ
de