NO. 07-05-0096-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 29, 2006


______________________________



LEONARD GONZALES, a/k/a MANUEL GONZALEZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-406,411; HON. CECIL G. PURYEAR, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., REAVIS, and CAMPBELL, JJ.

 Leonard Gonzales, a/k/a Manuel Gonzalez (appellant) appeals his conviction for
burglary of a habitation with intent to commit sexual assault. His two issues concern
comments made by the prosecutor during voir dire. The comments involved the
punishment to which the appellant could be subjected and the existence of "special
circumstances" warranting an automatic life sentence. (1) We affirm the judgment.

 The record discloses that appellant voiced no objection to the trial court about the
comments at issue. Uttering a timely objection was required to preserve his complaint. 
See Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991) (requiring a
contemporaneous objection to conduct occurring at voir dire to preserve the complaint for
review); Ross v. State, 154 S.W.3d 804, 807 (Tex. App.-Houston [14th Dist.] 2004, pet.
ref'd) (holding the same). Having failed to object, the complaints were waived. 

 Overruling appellant's two issues, we affirm the judgment of the trial court.


 Per Curiam

Do not publish.
1. The trial court, as opposed to the jury, was to assess punishment.



a name="NO">07-07-0183-CV

                                             IN THE COURT OF APPEALS

                                   FOR THE SEVENTH DISTRICT OF TEXAS

                                                          AT AMARILLO

                                                              PANEL C

                                                           JULY 2, 2008

                                        ______________________________


                               TEXAS DISPOSAL SYSTEMS LANDFILL, INC., 

                                                                                                           Appellant

                                                                    v.

                        TEXAS COMMISSION ON ENVIRONMENTAL QUALITY 
                                           and IESI TX LANDFILL, L.P., 

                                                                                                           Appellees


                                     _________________________________

                     FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY;

                 NO. D-1-GN-05-000606; HON. LORA LIVINGSTON, PRESIDING

                                       _______________________________

                                                                Opinion
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          If pigs had wings, they could fly. All may be possible in this ever changing world,
but what is probable is the theme underlying the case before us. We are asked to
determine whether an entity operating a garbage disposal company in Travis County,
i.e. Texas Disposal Systems Landfill, Inc. (Texas Disposal), has standing to complain
about an administrative decision pertaining to the operation of another garbage
company, i.e. IESI Texas Landfill, L.P. (IESI), some 200 miles away from the area
serviced by Texas Disposal. The trial court said no and granted the motions to dismiss
of IESI and the Texas Commission on Environmental Quality (the Commission). We
agree with the trial court. 
          Background
          IESI operates a landfill that it acquired from the City of Weatherford in 2003. 
After acquiring the business, it sought a permit modification from the Commission. The
executive director of the Commission granted the modification on October 27, 2004. 
Yet, Texas Disposal had a problem with the administrative procedures culminating in
the director’s decision. Though it operated a landfill near Austin and some 200 miles
from Weatherford, it nonetheless moved to overturn the director’s ruling. After a public
hearing, the Commission itself issued an order on January 28, 2005, upholding the
executor director’s determination. Thereafter, Texas Disposal filed in Travis County
seeking judicial review of the Commission’s January 28 order. 
          The Commission and IESI, which intervened in the Travis County lawsuit, filed
pleas to the jurisdiction of the trial court. They alleged, among other things, that Texas
Disposal lacked standing to complain since it was not a direct competitor of IESI with
respect to the Weatherford landfill. After a hearing, the trial court granted those pleas
finding that Texas Disposal lacked standing. And, as previously mentioned, the trial
court found their contentions correct.
          
           Law on Standing
          Standing, a component of subject matter jurisdiction, is essential to a court’s
power to hear a case. Texas Ass’n of Business v. Texas Air Control Board, 852 S.W.2d
440, 444-45 (Tex. 1993). As old timers say, the complainant must have a “dog in the
hunt.” And, if he has no such dog, then he cannot object to things occurring in the
“hunt.”
          Next, to become a member of a “hunt” encompassing decisions of the 
Commission’s executive director, one must be personally aggrieved or affected by the
decision. Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 661 (Tex.
1996). Those two terms are synonymous for purposes of standing and relate to the
need for a complainant to show a “justiciable interest.” Hooks v. Texas Dep’t of Water
Resources, 611 S.W.2d 417, 419 (Tex. 1981). And, to have such an interest, the
complainant must show that a concrete, particularized, actual or imminent injury faces
him due to the decision; a hypothetical or speculative injury is not enough. 
DaimlerChrysler Corp. v. Inman, No. 03-1189, 2008 Tex. Lexis 91 at *13 (Tex. February
1, 2008) accord, Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995)
(stating that a justiciable controversy exists when there is a real and substantial conflict
of tangible interests and not merely a theoretical dispute). 
Application of Law 
          That the Weatherford landfill is not a direct competitor of the dump operated by
Texas Disposal in Travis County is beyond question.


 Nonetheless, Texas Disposal
believes that it can contest the regulatory decision because the manner in which the 
permit was modified “potentially” jeopardizes the trust relationship that exists between it
and its neighbors in Austin, and that, in turn, “potentially” interferes with the normal
operations of its landfill. In other words, it “may” no longer be able to compete with
other landfills if they too receive permit modifications via the procedure utilized by IESI. 
          As can be seen, Texas Disposal’s injury is couched in terms of potentialities or
events that “may” happen. All is dependent upon whether 1) some entity with a permit
to operate a landfill within an area serviced by Texas Disposal, 2) attempts to modify its
permit, 3) in a way that exposes Texas Disposal to economic or other loss, 4) through
use of the procedures applied to the IESI permit modification.


 At least these four, if not
more, conditions must arise before there is any chance that the IESI ruling and
procedure could impact Texas Disposal or its operations in or around Austin. More
importantly, we are cited to neither allegation nor evidence that even begins to suggest
that any of the four appear anywhere on the horizon. So, like the chance of a pig
growing wings, the purported injury that may befall Texas Disposal is mere speculation,
and as such, it falls short of establishing a justiciable interest and standing. Finally,
without a sufficient interest of its own to assert, it cannot invoke the public’s interest to
fill the void. See El Paso Community Partners v. B&G/Sunrise Joint Venture, 24 S.W.3d
620, 625-27 (Tex. App.–Austin 2000, no pet.). 
          Our holding with respect to the issue of standing relieves us from having to
address the other arguments of Texas Disposal. We affirm the trial court’s order of
dismissal. 
               
                                                                           Brian Quinn 
                                                                          Chief Justice