**J. R. and Joe C. MORROW et al.,**
**Appellants,**

**v.**

**TEXAS EMPLOYMENT COMMISSION,**
**Appellee.**

**No. 18129.**

Court of Civil Appeals of Texas,
Dallas.

June 28, 1973.

Rehearing Denied July 26, 1973.

William Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellants.

John L. Hill, Atty. Gen., Michael E. Stork, Asst. Atty. Gen., Austin, for appellee.

BATEMAN, Justice.

This is an appeal from an order sustaining the appellee's plea of privilege. The suit was filed by the appellants in the district court of Dallas County in an attempt to appeal from an administrative order of appellee Texas Employment Commission. Appellants allege that the Commission erroneously ruled that certain persons were in the employment of appellants, making them liable for certain taxes under the Texas Unemployment Compensation Act.

Our question is whether venue lies in Dallas County, where appellants reside and the administrative hearing was held, by virtue of Article 5221b—4(i), and subdivision 30 of Article 1995.*

In two points of error on appeal appellants contend (1) that, since the right of appeal is essential to constitutionality, and since the only statutory jurisdiction for appeal is vested in courts of the county of appellants' residence, the plea of privilege should have been overruled; and (2) that if the statute allows an employee to appeal in the county of his residence and the employer is required to go to Travis County to appeal, the latter is denied equal protection of the law, making the Act unconstitutional.

■ Subdivision 30 of Article 1995 authorizes the filing of suit in the county in which venue is expressly prescribed by law, and appellants take the position that venue in the county of their residence is prescribed by law, to-wit, subdivision (i) of Article 5221b—4. The part thereof relied on by appellants is:

"(i) Court Review: Within ten (10) days after the decision of the Commission has become final, and not before, any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction in the county of claimant's residence against the Commission for the review of its decision, * * *."

This provision for judicial review, when read in context with the rest of the Article, is obviously not applicable to a proceeding such as this. Article 5221b—4 is entitled "Claims for Benefits" and relates only to claims for unemployment benefits under the Act; it does not purport to deal with the matter of liability for taxes.

■ Nevertheless, appellants argue that since it provides the only statutory right of appeal, and the right to appeal from an adverse administrative ruling is absolute, they should be entitled to use it. The Act itself makes no provision for a hearing before appellee to determine an employer's tax liability. However, Article 5221b—9 does empower the appellee generally to administer the Act and to adopt rules and regulations. Pursuant to rules and regulations so adopted, employers are given the right to have hearings before appellee to determine their tax liability. Apparently, those rules and regulations do not provide for appellate review of the decisions made as the result of such hearings. However, an employer who desires a court trial may litigate the question of liability in either of two ways: (1) he may refuse to pay the contributions found by appellee to be owing and defend a suit therefor in a district

* All references to Articles are to Vernon's Texas Revised Civil Statutes Annotated.

court of Travis County, pursuant to Article 5221b—12(b); or (2) he may pay the contributions claimed and sue appellee for a refund in a court of competent jurisdiction in Travis County, pursuant to Article 5221b—12(j)(2). From the fact that both subdivisions (b) and (j)(2) of Article 5221b—12 provide for suit in Travis County, it would appear that the legislature intended to place the venue of any suits involving such taxes in that county.

Appellants further argue that if they are not entitled to appeal by the terms of Article 5221b—4(i) they are denied equal protection of the law and the Texas Unemployment Compensation Act is therefore unconstitutional. They assert that there is no judicial or philosophical reason why an employee in Dallas County can appeal to the courts of Dallas County while the employer in Dallas County must go to Travis County. We do not agree with appellants. The use of the phrase "party aggrieved" in the statute obviously refers to claimants for unemployment benefits, employers, or any other individual adversely affected by appellee's decision in determining whether or not a claimant is entitled to such benefits. Subdivision (i) gives the right of appeal to claimants and employers alike, and there is therefore no discrimination affecting the constitutionality of the Act.

A similar question was presented in Gulf Coast Business Forms, Inc. v. Texas Employment Commission, 493 S.W.2d 260, 261 (Tex.Civ.App., Beaumont 1973). In that case the plaintiff-employer sued the Commission in Jefferson County for a declaratory judgment to determine the legal status of certain individuals in relationship to the plaintiff and plaintiff's liability under the Unemployment Compensation Act. The Commission's plea of privilege to be sued in Travis County was sustained. The court held that the action for declaratory judgment was a "legal maneuver" which could not be utilized to escape the statutory venue fixed by the Act. We agree with this holding.

Both points of error are overruled and the order appealed from is affirmed.