IN THE SUPREME COURT OF TEXAS

No. B-9733

CHARLES G. HOOKS, JR., et ux., )
)
PETITIONERS )
)
V. )
) FROM TRAVIS COUNTY
)
TEXAS DEPARTMENT OF WATER ) THIRD DISTRICT
RESOURCES, et al., )
)
RESPONDENTS )

This is an action by downstream riparian landowners contesting an order granting a waste discharge permit. Charles G. Hooks, Jr. and Irma Hooks appealed an order by the Texas Department of Water Resources which granted a waste discharge permit to George H. Musterman, Inc. The district court upheld the action of the Department. The court of civil appeals reversed and rendered judgment that the cause be dismissed holding that the Hooks lacked standing to contest the order of the Department. 602 S.W.2d 389. We reverse the judgment of the court of civil appeals and remand the cause to that court for consideration of the merits.

George H. Musterman, Inc. plans to develop a residential subdivision northwest of Houston in Harris County, Texas which will have an ultimate population of 7,500. Because there are no existing facilities in the area, Musterman plans to build a sewage treatment plant to process domestic waste from the subdivision. He applied for and was granted an effluent discharge permit by the Texas Department of Water Resources. The permit authorizes discharge of wastewater into Willow Creek at an average daily rate of 750,000 gallons with a maximum discharge of 2,250,000 gallons per day. In its order granting the permit, the Department found that the effluent would have no significant effect on water quality in Willow Creek or groundwater in the area, nor would fish or wildlife in the area be endangered.

Willow Creek is a meandering stream having intermittent flow which winds through a heavily wooded area. The creek is bone-dry on many occasions and primarily carries storm water. Irma and Charles G. Hooks, Jr. own and reside on a tract of land adjacent to and downstream from the proposed sewage treatment plant. Willow Creek flows through the Hooks' tract and has been used for watering their stock.

The Hooks protested Musterman's application for a waste discharge permit alleging that they owned riparian land downstream from the point of discharge and that they would be persons affected if the permit were issued. The hearing examiner designated the Hooks parties "who may be affected by the action that may be taken as a result of the hearing." See TEX. WATER CODE ANN. § 26.022. At the hearing before the Department of Water Resources, the Hooks objected to the admission of evidence, the action taken by the hearing examiner, the sufficiency of the findings of fact, and the legal status of Musterman. Following the hearing, the Department issued an order granting the permit. The Hooks appealed the Department's order to district court. After a hearing, the court affirmed the order granting the permit. From this judgment, the Hooks perfected an appeal to the court of civil appeals complaining of the admission of certain evidence, the sufficiency of the Department's findings of fact and conclusions of law, and Musterman's right to do business in Texas. The court of civil appeals rendered judgment that the cause be dismissed on the grounds that the district court lacked jurisdiction to consider the appeal because the Hooks lacked standing to contest the Department's order.

The court of civil appeals raised the question of standing sua sponte. Standing was never raised, plead, briefed, argued, nor urged by the parties. It appeared for the first time in the opinion of the court of civil appeals. The court of civil appeals erred in holding that the Hooks lacked standing.

-2-

Under the Texas Administrative Procedure and Texas Register Act (APA), TEX. REV. CIV. STAT. ANN. art. 6252-13a § 19(a),[1] standing to appeal an order of an administrative agency requires that the case be contested and that the appellant be "aggrieved." Section 19(a) of the APA provides that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act." It further provides "[t]his section is cumulative of other means of redress available by statute." Id. The Hooks appealed the order granting the waste discharge permit pursuant to the judicial review provisions of the Texas Water Code. Section 5.351(a), TEX. WATER CODE ANN., provides that "[a] person affected by a ruling, order, decision, or other act of the department may file a petition to review, set aside, modify, or suspend the act of the department." The judicial review provisions of the APA and the Water Code should be read in conjunction and harmony with each other. The terms "aggrieved" and "affected" are synonomous and both relate to the requirement that a person show a "justiciable interest." See City of San Antonio v. Texas Water Commission, 407 S.W.2d 752, 765 (Tex. 1966).

The Hooks are riparian landowners on Willow Creek downstream from the discharge point of the proposed sewage treatment plant. The hearing examiner before the Department of Water Resources designated the Hooks as parties "who may be affected by the action that may be taken as a result of the hearing." The court of civil appeals states that they were "proper parties to participate in the permit hearing." The Department of Water Resources, in briefs

_____

[1]
    Statutory references are to Vernon's Texas
    Revised Civil Statutes Annotated.

and at oral argument before this Court, concede that the Hooks are affected or aggrieved by the Department's order. If constructed, this facility will discharge wastewater through the Hooks' property at a rate of 750,000 to 2,250,000 gallons per day. Unquestionably, the Hooks will be affected by the Department's action. We hold that the Hooks have standing to appeal the order of the Department of Water Resources.

We reverse the judgment of the court of civil appeals and remand the cause to that court for consideration of the merits.

James G. Denton
Justice

Opinion delivered: February 11, 1981

-4-



# THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
JOE R. GREENHILL

JUSTICES
JACK POPE
SEARS McGEE
JAMES G DENTON
CHARLES W BARROW
ROBERT M CAMPBELL
FRANKLIN S. SPEARS
C. L. RAY
JAMES P WALLACE

P.O BOX 12248     CAPITOL STATION
AUSTIN, TEXAS 78711

February 11, 1981

CLERK
GARSON R. JACKSON

EXECUTIVE ASS'T
WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T
MARY ANN DEFIBAUGH

Mr. L. A. Greene, Jr., Atty
2602 Montrose Square
Houston, Texas     77006

Mr. Brian E. Berwick, Atty
Attorney General's Office
Environmental Protection Division
Supreme Court Bldg.
Austin, Texas     78701

Mr. Earl L. Yeakel, III, Atty
Kammerman, Yeakel & Overstreet
1420 American Bank Tower
Austin, Texas     78701

RE: B-9733: CHARLES G. HOOKS, JR. ET UX. vs. TEXAS DEPARTMENT OF
                              WATER RESOURCES ET AL.
            Third Court of Civil Appeals No. 13,209
            250th District Court of Travis County No. 281,885

Gentlemen:

Today, the Supreme Court of Texas delivered an opinion in the above
refeenced cause.

The opinion by Justice Denton reversed the judgment of the Court
of Civil Appeals and remanded the cause to that court for
further consideration of the merits.

A copy of the enclosed opinion is being mailed to Justice
Bob Smith, then sitting for the Third Court of Civil Appeals,
Judge Hume Cofer, then sitting for the 250th District Court and
Travis County District Clerk, Mr. John Dickson.

                         Very truly yours,


                         GARSON R. JACKSON, Clerk


                         By Mary M. Wakefield
                         Mary M. Wakefield, Chief Deputy

Encl.   opinion



# THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
  JOE R. GREENHILL

JUSTICES
  JACK POPE
  SEARS McGEE
  JAMES G. DENTON
  CHARLES W. BARROW
  ROBERT M. CAMPBELL
  FRANKLIN S. SPEARS
  C. L. RAY
  JAMES P WALLACE

PO BOX 12248     CAPITOL STATION
AUSTIN, TEXAS 78711

February 12, 1981

CLERK
  GARSON R. JACKSON

EXECUTIVE ASS'T
  WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T
  MARY ANN DEFIBAUGH

Mr. L. A. Greene, Jr., Atty
2602 Montrose Square
Houston, Texas        77006

Mr. Brian E. Berwick, Atty
Attorney General's Office
Environmental Protection Division
Supreme Court Bldg.
Austin, Texas      78701

Mr. Earl L. Yeakel III, Atty
Kammerman, Yeakel & Overstreet
1420 American Bank Tower
Austin, Texas      78701

RE:  B-9733:  CHARLES G. HOOKS, Jr. et ux
                         vs.
           TEXAS DEPARTMENT OF WATER RESOURCES ET AL.

Gentlemen:

Enclosed please find a copy of the judgment of the Supreme Court
of Texas in the above referenced cause as said judgment appears in
the minutes of this Court under the date of February 11, 1981

This is the judgment that will issue in mandate form to the
lower court if no motion for rehearing is filed or if a filed
motion for rehearing is overruled.

                              Very truly yours,

                              GARSON R. JACKSON, Clerk


                          By _____
                              Mary M. Wakefield
                              Chief Deputy

Encl·  copy of judgment



# THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
JOE R. GREENHILL

JUSTICES
JACK POPE
SEARS McGEE
JAMES G DENTON
CHARLES W BARROW
ROBERT M CAMPBELL
FRANKLIN S. SPEARS
C. L. RAY
JAMES P WALLACE

P.O BOX 12248      CAPITOL STATION
AUSTIN, TEXAS 78711

March 2, 1981

CLERK
GARSON R JACKSON

EXECUTIVE ASS'T
WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T
MARY ANN DEFIBAUGH

Mrs. Margie Love, Clerk
Third Court of Civil Appeals
Supreme Court Building
Austin, Texas        78701

RE:  CHARLES G. HOOKS, JR. ET UX. vs. TEXAS DEPARTMENT OF WATER RESOURCES
                                      et al.
     No. B-9733 in the Supreme Court
     No. 13,209 in the THird Court of Civil Appeals

Dear Mrs. Love:

The judgment of the Supreme Court of Texas is now final in the above
referenced cause.  As Rule 507, Texas Rules of Civil Procedure, has
been satisfied, we have issued the mandate as of this date.

Enclosed with the mandate is a certified copy of our cost bill
showing the charges and payments as reflected by the record for
your use in settlement between the parties.

                              Very truly yours,


                              GARSON R. JACKSON, Clerk


                              By Mary M. Wakefield
                                 Mary M. Wakefield
                                 Chief Deputy

Encl:  mandate w/opinion
       cost bill

CC.  letter only to
     Mr. Brian E. Berwick-AG's Office
     Mr. Earl L. Yeakel-Austin
     Mr. L. A. Greene, Jr.-Houston

P. S.  The original record and all papers filed in your Court are being returned
       to you today.