United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10181
Summary Calendar

_____

Arthur Williams,

Plaintiff/Appellant,

versus

Aviall Services Inc.,

Defendant/Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
District Court No. 3:01-CV-2151-D

_____

Before HIGGINBOTHAM, EMILIO M. GARZA and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge.

Arthur Williams sued his former employer, Aviall Services,
Inc., alleging that Aviall fired him because of his race. After
conducting discovery, Aviall filed a motion for summary judgment
on October 7, 2002. Williams responded to this motion on November
5, 2002. On November 20, 2002, Aviall sought leave to file a
supplemental appendix to its reply. Williams filed no opposition

_____

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

1

to this motion, which was granted as unopposed.  Williams then asked the court for leave to file a surreply.  The Magistrate Judge denied Williams' request.  Subsequently, the Magistrate Judge recommended granting Aviall's motion for summary judgment, and the District Court accepted this recommendation.  On appeal, Williams argues that the Magistrate Judge erred by denying him permission to file a surreply. Williams also appeals from the summary judgment decision, arguing that he conclusively proved that documents Aviall used as evidence had been falsified and that Aviall had discriminated against him.  Finding no error, we will affirm.

## Motion for Leave to File Surreply

As the Magistrate Judge pointed out in his order denying Williams' request to file a surreply, the proposed surreply included no new arguments or evidence. Williams' response to Aviall's motion for summary judgement had already presented everything contained in his surreply. Therefore, the Magistrate Judge did not abuse his discretion in denying Williams' motion for leave to file a surreply. Williams' arguments and evidence were before the district court when it ruled on Aviall's motion for summary judgment.

## Summary Judgment

Although nowhere does Williams specifically state that he appeals the summary judgment decision, he argues that if he had

been permitted to file his surreply, he would have won his case. In particular, he argues that his proposed surreply would have proved that Aviall's evidence was falsified. In light of Williams' *pro se* status, the Court will interpret these arguments as raising the issue of whether the district court properly granted summary judgment.

This Court reviews grants of summary judgment *de novo*, using the same standards as the district court. *Hanks v. Transcon. Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). To be entitled to summary judgment, the movant must show the absence of any genuine issue of material fact. *Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir. 1994). In response, the nonmovant must present evidence showing that a fact issue exists. *Id.* Conclusory allegations will not suffice. *Hanks*, 953 F.2d at 997.

Because Williams presents no direct evidence of discrimination, his claims are analyzed using the *McDonnell Douglas* framework. *Manning v. Chevron Chem. Co., L.L.P.*, 332 F.3d 874, 881 (5th Cir. 2003). Under this framework, after a plaintiff produces a prima facie case, the burden of production switches to the employer to offer a legitimate, non-discriminatory reason for the employment action. *Id.* Once the employer has offered this reason, the burden shifts again to the plaintiff to present evidence that the employer's reason is pretext for discrimination. *Id.* On appeal, Aviall concedes that

3

Williams established a fact question on his prima facie case of discrimination.

Aviall produced evidence that it terminated Williams because he got into an altercation with his supervisor. This evidence included deposition testimony, affidavits of Williams' supervisors, a signed employee handbook, and records of disciplinary actions Aviall previously took against Williams. Williams argues that the signature on the employee handbook was not his own and that, because the wrong person signed as his manager, the disciplinary records were forged. Even assuming that Williams could produce evidence that he did not sign the handbook and that the incorrect supervisor signed the forms,[2] this evidence would not raise a fact question concerning pretext. Williams has presented no evidence that calls Aviall's stated reason for his termination into doubt.

In his response to the summary judgment motion, Williams pointed to two pieces of evidence: the Texas Workforce Commission determination that he had not been terminated for misconduct associated with work and evidence that he had received pay increases during his employment at Aviall. Neither piece of evidence presents a fact question about pretext. Under Texas law, the Texas Workforce Commission's findings and conclusions may not be used as evidence in lawsuits, except for suits brought

---

[2] The record contains no evidence of this.

4

to enforce unemployment benefits.  TEX. LAB. CODE § 213.007. Additionally, evidence that Williams received pay raises in the past does not cast any doubt on the validity of Aviall's stated reason for terminating Williams.  The district court did not err in concluding that Williams did not meet his summary judgment burden.

AFFIRMED.