**AFFIRMED; Opinion Filed August 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00415-CV

**JUST ENERGY TEXAS I CORP., Appellant**
**V.**
**TEXAS WORKFORCE COMMISSION AND CEDRIC THOMAS, Appellees**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-07637-I**

## OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Just Energy Texas I Corp. appeals the trial court's judgment dismissing for want of jurisdiction its suit against the Texas Workforce Commission and Cedric Thomas. Appellant brings three issues on appeal contending the trial court erred by determining it lacked subject-matter jurisdiction over this case. We conclude the Commission's sovereign immunity from suit was not waived in this case because appellant did not meet the statutory prerequisites for bringing suit. Therefore, the trial court did not err by determining it lacked subject-matter jurisdiction and dismissing the cause. We affirm the trial court's judgment.

## BACKGROUND

Cedric Thomas signed an Independent Contractor's Agreement with Just Energy Marketing Corp. (JEMC), a subsidiary of appellant, to sell electricity contracts. The following year, Thomas filed a claim with the Commission seeking unemployment benefits. The

Commission took statements from Thomas, and he stated that he was "fired" for "not writing enough deals" and "quit" because he was "dissatisfied with working conditions." A statement of the "Employer" said Thomas was "Fired" for "Performance." A letter was sent to the Commission on letterhead identifying the sender as "Just Energy" and stating "Mr. Thomas was never an employee of our company" and that Thomas was a self-employed independent contractor for JEMC. The letter stated the Commission should send all future notices and correspondence with respect to Thomas's claim to JEMC. The Commission issued a decision that identified the employer as "Just Energy Texas I" and denied Thomas's application for benefits, stating the Commission's investigation found Thomas left his work voluntarily without good cause connected with his work. *See* TEX. LAB. CODE ANN. § 207.045(a) (West 2015). The Commission's decision contained a section headed "Determination of Potential Chargeback for the Employer" and stated, "There will be no charge to your former Employer's account." The Commission's ruling listed "Just Energy Texas 1" as Thomas's employer. Thomas appealed the decision to the Commission's appeal tribunal. Thomas's notice of appeal stated the employer was "Just Energy" and stated he was appealing because "they determined that I quit because of working conditions, but I was laid off from Just Energy due to lack of work." The hearing officer for the tribunal held a telephone hearing and issued a decision. During the hearing, the hearing officer stated that the Commission's decision "did not include a chargeback ruling" and that "a chargeback will not be an issue in today's issue." The hearing officer subsequently issued a decision listing the "Employer" as "Just Energy Texas I Corp." The ruling contained a section headed "findings of fact" and stated:

> **FINDINGS OF FACT:** Prior to filing an initial claim for unemployment benefits with the effective date of March 4, 2012, the claimant last worked from May 26, 2011, through February 2, 2012, as [a] door-to-door salesperson for the named employer, an electricity provider.

> The claimant was fired for failing to meet his employer's performance expectations. The claimant had never consistently been able to meet his employer's expectations.

In its conclusions, the hearing officer determined that Thomas was discharged by the "employer" and did not voluntarily leave his employment. The hearing officer then determined the "employer" failed to meet the burden of proving misconduct by Thomas connected with the work. The hearing officer's "Decision" was, "The determination dated March 27, 2012 disqualifying the claimant beginning March 4, 2012, under Section 207.045 of the Act is reversed under Section 207.044 of the Act." Appellant appealed the hearing officer's ruling to the Commission, and the Commission stated it "is of the opinion that the case was properly decided by the Appeal Tribunal." The Commission adopted the findings of fact and conclusions of law of the appeal tribunal and stated, "The decision of the Appeal Tribunal is in all respects affirmed." The Commission's decision did not impose any financial liability on appellant.

Appellant sought judicial review of the Commission's decision pursuant to section 212.201 of the labor code by filing suit in district court against the Commission and Thomas. *See* TEX. LAB. CODE ANN. § 212.201(a) (West 2015) (party "aggrieved" by Commission's decision may obtain judicial review). Appellant alleged the Commission's decision that Thomas did not voluntarily leave work without good cause was legally erroneous. Appellant also alleged it was never Thomas's employer and that he was never terminated or laid off by one of appellant's employees. The Commission filed a plea to the jurisdiction asserting the Commission's sovereign immunity from suit was not waived because appellant was not "aggrieved" by the Commission's decision. The Commission also asserted the district court lacked jurisdiction because there was no amount in controversy, and section 24.007 of the government code requires the amount in controversy to exceed $500 for the court to have jurisdiction. *See* TEX. GOV'T CODE ANN. § 24.007(b) (West Supp. 2014). During the hearing on

–3–

the plea to the jurisdiction, the Commission raised another ground for lack of jurisdiction, asserting appellant failed to exhaust its administrative remedy concerning whether appellant was Thomas's employer. The trial court granted the Commission's plea to the jurisdiction and ordered the case dismissed with prejudice because there was no amount in controversy and appellant did not exhaust its administrative remedy as to whether it was Thomas's employer.

## PLEA TO THE JURISDICTION

In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction over lawsuits against the State unless the State consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Legislative consent for suit must be by "clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (West 2013). The plaintiff must plead facts that affirmatively demonstrate that sovereign immunity has been waived and that the trial court has subject-matter jurisdiction. *City of Dallas v. Turley*, 316 S.W.3d 762, 767 (Tex. App.—Dallas 2010, pet. denied).

A plea to the jurisdiction may challenge the plaintiff's pleading, the existence of the jurisdictional facts alleged in the pleading, or both. *Miranda*, 133 S.W.3d at 226. "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* "We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Id.* When the defendant challenges the existence of jurisdictional facts, the defendant must meet the summary judgment standard of proof. *Id.* at 228. Under that standard, the defendant must present conclusive proof regarding a jurisdictional fact. *See id.*; *see also Unifund CCR Partners v. Watson*, 337 S.W.3d 922, 926 (Tex. App.—Amarillo 2011, no pet.). If the defendant meets this burden, the plaintiff must present sufficient evidence to show there is a disputed issue of material fact regarding the jurisdictional issue or the plea to the jurisdiction will be sustained. *Miranda*,

–4–

133 S.W.3d at 228; *City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied). If the defendant fails to present conclusive proof of a fact negating jurisdiction, the plaintiff has no burden to present evidence on the jurisdictional issue. *Unifund*, 337 S.W.3d at 926.

The Unemployment Compensation Act allows an "aggrieved" party to bring suit against the Commission for judicial review of the Commission's order. TEX. LAB. CODE ANN. § 212.201 (West 2015).[1] Therefore, in this case, the statute waived the Commission's immunity from suit if appellant was aggrieved by the Commission's order and followed the statutory procedures for bringing suit. *See Kaufman Cnty. v. Combs*, 393 S.W.3d 336, 345 (Tex. App.—Dallas 2012, pet. denied) ("Although governmental immunity does not shield a governmental entity from a valid takings claim, it does apply when a plaintiff does not allege a valid takings claim.").

Appellant did not allege in its petition that it was "aggrieved." In its plea to the jurisdiction, the Commission asserted appellant failed to meet the requirements for bringing suit under section 212.201 because it was not "aggrieved" by the Commission's order.

The Texas Labor Code does not define "aggrieved." Nor does it appear that any cases have applied the "aggrieved" requirement in section 212.201.[2] However, other cases have

---

[1] Section 212.201 states,

> A party aggrieved by a final decision of the commission may obtain judicial review of the decision by bringing an action in a court of competent jurisdiction for review of the decision against the commission on or after the date on which the decision is final, and not later than the 14th day after that date.

TEX. LAB. CODE ANN. § 212.201(a).

[2] Appellant cites *Morrow v. Texas Employment Commission*, 497 S.W.2d 635 (Tex. Civ. App.—Dallas 1973, writ dism'd), as defining "aggrieved" in the predecessor of section 212.201 as meaning "adversely affected." That case, however, did not involve a claim for unemployment benefits. Instead, it concerned venue for a suit by an employer seeking review of the Texas Employment Commission's determination that the employer was liable for certain taxes under the Texas Unemployment Compensation Act. The employer filed suit in the county of its residence, Dallas County, but the statute concerning judicial review of the taxes required suit be brought only in Travis County. *Id.* The employer asserted that the Act was unconstitutional if it permitted an employee to bring suit in its county of residence to challenge a ruling denying unemployment benefits, citing the predecessor statute of section 212.201, but required an employer to bring suit in Travis County. *Id.* at 637. We did not agree with the employer and stated the phrase "party aggrieved" in section 212.201's predecessor "obviously refers to claimants for unemployment benefits, employers, or any other individual adversely affected by appellee's decision in determining whether or not a claimant is entitled to such benefits. [The statute] gives the right of appeal to claimants and employers alike, and there is no discrimination affecting the constitutionality of the Act." *Id.* We did not purport to define the extent to which a party had to be adversely affected by the Commission's decision to be aggrieved, nor did we determine whether the adverse effect had to have occurred before filing suit or whether the risk of future adverse effects from the decision was sufficient for a party to be aggrieved. Our decision in that part of the opinion was merely that an employer could seek judicial review under section 212.201's predecessor.

defined "aggrieved" under section 410.251 of the Texas Labor Code. That provision, which concerns judicial review of administrative decisions under the Texas Workers' Compensation Act, provides, "A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter and Subchapter G, if applicable." TEX. LAB. CODE ANN. § 410.251 (West 2015). The courts that have considered the meaning of "aggrieved" in that statute have determined "that a party is aggrieved by a final decision of the appeals panel if the injury or loss resulting from the final decision is actual and immediate; a possible future injury or loss as a consequence of the panel decision is not sufficient to show an aggrievement." *Ins. Co. of State of Pa. v. Orosco*, 170 S.W.3d 129, 133 (Tex. App.—San Antonio 2005, no pet.); *see also City of San Antonio v. Diehl*, 387 S.W.3d 777, 782 (Tex. App.—El Paso 2012, pet. denied) (citing *Orosco*); *In re Tex. Mut. Ins. Co.*, 331 S.W.3d 70, 77 (Tex. App.—Eastland 2010, orig. proceeding [mand. denied]) (same; "The future defense of a personal injury lawsuit is not an actual and immediate loss."). Sections 410.251 and 212.201 address the same situation—a party complaining of a decision by an administrative tribunal and seeking judicial review of the administrative decision. We know of no reason not to apply the same meaning to the word "aggrieved" in section 212.201.

Appellant asserts it was aggrieved by the Commission's finding that it was Thomas's employer and the Commission's decision reversing the denial of unemployment benefits. According to appellant, that decision will lead to JEMC's independent contractors filing claims for unemployment compensation and worker's compensation against appellant even though it is not their employer. Appellant asserts the decision will leave appellant open to claims by JEMC's independent contractors for minimum wage and overtime pay. Appellant also argues that the decision raises the prospect of appellant's being liable to third parties based on the actions of JEMC's independent contractors. Finally, appellant argues that the decision may result in its

–6–

being subject to "chargeback" for any unemployment benefits paid to Thomas. *See* TEX. LAB. CODE ANN. § 204.021(a) (West 2015) ("The amount of benefits paid to a claimant for a benefit year shall be charged to the accounts of each of the claimant's employers during the claimant's base period."). The record does not show that any of these potential adversities had befallen appellant when it filed suit or when the trial court dismissed the suit. At the administrative appeal tribunal hearing, the hearing officer stated, "a chargeback will not be an issue in today's issue." These are not actual or immediate injuries or losses. Instead, they are possible future losses or injuries, which may not occur.

Appellant cites *Hooks v. Texas Department of Water Resources*, 611 S.W.2d 417 (Tex. 1981), in support of its argument that it was aggrieved by the Commission's order. In that case, a residential developer planned to build a sewage treatment plant for a proposed subdivision. *Id.* at 418. The developer sought a discharge permit that would allow the discharge of 750,000 to 2.25 million gallons of wastewater per day into a creek. The creek was "bone dry on many occasions and primarily carrie[d] storm water." *Id.* The Hooks owned property downstream from the plant, and the creek flowed through their property. *Id.* They received notice of the permit hearing because they were persons "who *may be affected* by the action that may be taken as a result of the hearing." *Id.*; TEX. WATER CODE ANN. § 26.022 (West 2008) (emphasis added). The Hooks protested the granting of the permit, but the Department issued an order granting the permit. *Hooks*, 611 S.W.2d at 418. The Hooks sought judicial review of the order under section 5.31, which allows "[a] person *affected by* a ruling, order, decision, or other act" of the Department to seek judicial review. *Id.* at 418–19; TEX. WATER CODE ANN. § 5.351(a) (West 2008) (emphasis added). The Administrative Procedure Act also applied, which required the party seeking judicial review be "*aggrieved* by a final decision in a contested case." *Hooks*, 611 S.W.2d at 419; TEX. GOV'T CODE ANN. § 2001.171 (West 2008) (emphasis added). The trial

court affirmed the Department's order granting the permit. *Hooks*, 611 S.W.2d at 418. The court of civil appeals determined sua sponte that the Hooks lacked standing to bring suit for judicial review and dismissed the case for lack of jurisdiction. *See Hooks v. Tex. Dep't of Water Res.*, 602 S.W.2d 389, 392–93 (Tex. Civ. App.—Austin 1980), *rev'd*, 611 S.W.2d 417 (Tex. 1981). The appellate court determined the Hooks presented no allegation or evidence that they were affected or aggrieved by the Department's action, and the court "refuse[d] to equate the mere physical proximity of appellant's lands to the creek as, in itself, establishing a justiciable interest." *Id.* at 393. The supreme court disagreed with the court of civil appeals' analysis. The supreme court stated that the language of the water code permitting judicial review for a party "affected" by a ruling and the language of the Administrative Procedure Act requiring a party seeking judicial review be "aggrieved" "should be read in conjunction and harmony with each other. The terms 'aggrieved' and 'affected' are synonymous and both relate to the requirement that a person show a 'justiciable interest.'" *Hooks*, 611 S.W.2d at 419. The supreme court stated that the Department conceded in its briefs and oral argument before it that the Hooks "are affected or aggrieved by the Department's order." *Id.* The supreme court also stated that because the treatment plant "will discharge wastewater through the Hooks' property at a rate 750,000 to 2,250,000 gallons per day," the Hooks will "unquestionably" be affected by the Department's action. *Id.*

In *Hooks*, the trial court was determining the meaning of "aggrieved" under the Administrative Procedure Act, but that act does not apply to proceedings concerning a claimant's entitlement to unemployment benefits. *See* TEX. GOV'T CODE ANN. § 2001.224 (West 2008). However, even if *Hooks* stands for the proposition that "aggrieved" means "affected" in all statutes, including the Texas Labor Code, appellant has not shown it was adversely affected by the Commission's order. Unlike the Hooks, who faced the certainty of having the usually dry

creek that traversed their property carry at least 750,000 gallons of wastewater per day, appellant has not identified any certain consequences from the Commission's order. Appellant may face chargebacks for any unemployment benefits paid to Thomas, but even that is not certain. If the Commission seeks to impose a chargeback, the Commission will have to do so in a new proceeding in which appellant will have the opportunity to protest the chargeback before the Commission and to seek judicial review of the chargeback. *See* TEX. LAB. CODE ANN. §§ 204.024–.027 (West 2015). To this point, the Commission has not initiated a chargeback action against appellant. The only mentions of a chargeback in the administrative record were the statement in the Commission's original decision that "[t]here will be no charge to your [Thomas's] former employer's account" and the hearing officer's statements that the Commission's decision did not include a chargeback and that a chargeback "will not be an issue in today's issue." The Commission informed the trial court and this Court at oral argument that it had not initiated a chargeback against appellant and that it did not intend to do so and, if it did initiate a chargeback, then appellant would not be bound by the Commission's decision in this case, citing section 213.007 of the labor code. Given the Commission's concession, we agree with the Commission that if it brings a new proceeding for chargeback, appellant will not be bound by any findings of fact or conclusions of law by the Commission in the order before us in this case because there was no subject-matter jurisdiction over appellant in this proceeding. Because the trial court did not have subject-matter jurisdiction over appellant in this proceeding, appellant is not bound by this proceeding. *See* TEX. LAB. CODE ANN. § 213.007 (West 2015); *Williams v. Aviall Servs. Inc.*, 76 F. App'x 534, 536 (5th Cir. 2003) ("[T]he Texas Workforce Commission's findings and conclusions may not be used as evidence in lawsuits, except for suits brought to enforce unemployment benefits."); *see also Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (res judicata requires "identity of parties or those in privity with them");

*Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 802 (Tex. 1994) (due process requires that the party against whom collateral estoppel is asserted was a party or in privity with a party in the first action); *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363–64 (Tex. 1971) (due process requires privity relationship to party in prior litigation for res judicata to result from prior judgment).

Appellant also asserts it has a justiciable interest in the Commission's decision reversing the denial of unemployment benefits and cites *Olivares v. Texas Employment Commission*, No. 13-96-00002-CV, 1997 WL 33760890 (Tex. App.—Corpus Christi Dec. 11, 1997, no pet.) (not designated for publication). *Olivares* is an unpublished opinion from before January 1, 2003; therefore, it has no precedential value. *See* TEX. R. APP. P. 47.7(b). Furthermore, the opinion is distinguishable for several reasons, including that its discussion of jurisdiction concerns the jurisdiction of the appellate court to hear the employee's appeal, not whether the employer was aggrieved by the Commission's order and entitled to bring suit in the trial court. *See Olivares*, 1997 WL 33760890, at *3. In *Olivares*, the petition in the trial court was brought by the employee, who having been denied unemployment compensation by the Commission was clearly aggrieved. *Id.* at *2. The opinion does not discuss whether the employer was aggrieved or whether the employer could have properly brought the case in the trial court. *See id.* at *3. *Olivares* does not support appellant's argument that it was aggrieved.

We conclude the Commission established that appellant was not aggrieved by the Commission's order. Accordingly, appellant failed to meet the requirements for bringing suit against the Commission, and the Commission's immunity from suit was not waived. Section 212.201(b) requires "[e]ach other party to the proceeding before the commission must be made a defendant in an action under this subchapter." TEX. LAB. CODE ANN. § 212.201(b). Without the

Commission as a party to the suit, the trial court lacked jurisdiction over the suit.[3] *See Tex. Emp't Comm'n v. Gant*, 604 S.W.2d 211, 213 (Tex. Civ. App.—San Antonio 1980, no writ) ("The presence of all such parties is necessary to invest the reviewing court with jurisdiction of the matter.").

Because we have concluded the Commission's sovereign immunity from suit was not waived, we need not address appellant's issues asserting the trial court erred by granting the plea to the jurisdiction on other grounds.

## CONCLUSION

We conclude the trial court did not err by dismissing appellant's case for want of subject-matter jurisdiction. We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

140415F.P05

---

[3] Because we resolve this appeal on jurisdictional grounds, we do not reach the merits of issues raised in appellant's request for judicial review, including the question of whether the Commission was correct in stating that appellant was Thomas's employer.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JUST ENERGY TEXAS I CORP.,
Appellant

No. 05-14-00415-CV      V.

TEXAS WORKFORCE COMMISSION
AND CEDRIC THOMAS, Appellees

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-07637-I.
Opinion delivered by Justice Myers. Justices
Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Texas Workforce Commission and Cedric Thomas
recover their costs of this appeal from appellant Just Energy Texas I Corp.

Judgment entered this 18th day of August, 2015.