**Affirmed and Memorandum Opinion filed October 31, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00668-CV

## RALPH WINSTON MERRILL III, Appellant

## V.

## TRAVIS COUNTY, SELF-INSURED CARRIER, Appellee

**On Appeal from the 353rd District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-17-006402**

## M E M O R A N D U M   O P I N I O N

This appeal from the dismissal of a suit on jurisdictional grounds arises from a dispute over eligibility to receive death benefits under the Texas Workers' Compensation Act ("the Act").[1] After the death of Travis County flight nurse Kristin McLain in a fall from a helicopter during a medivac rescue, appellant Ralph Winston

---

[1] *See* TEX. LAB. CODE ANN. §§ 401.001–419.007; *see also id.* § 504.002 (identifying the Act's provisions that apply to a self-insured political subdivision such as Travis County).

Merrill III claimed a right to death benefits as McLain's common-law husband. As the self-insured carrier, the County denied there was a valid marriage and maintained that only McLain's parents were eligible for death benefits. Merrill prevailed at the administrative level, and while the County appealed the ruling to the 419th District Court in Travis County, Merrill filed his own suit for judicial review in the 353rd District Court.[2] The County challenged the latter court's jurisdiction on the ground, among others, that Merrill lacks standing, because as the prevailing party, he is not aggrieved by the administrative decision. The trial court presumably agreed, as do we. Thus, we affirm the judgment.

## I. GOVERNING LAW

To provide context for the factual background of the case, we begin with the governing law. To place the dispute and its history in context, the identity of McLain's beneficiary likely will significantly affect the length of time that the County must pay death benefits, and thus, the total amount it must pay. McLain died while performing her job as a first responder, and if Merrill is her surviving spouse, then he is entitled to death benefits for the remainder of his life.[3] If, as the County

---

[2] The Third Court of Appeals has jurisdiction over appeals from the Travis County district courts, but Merrill's appeal of the 353rd District Court's judgment was transferred to the Fourteenth Court of Appeals by order of the Supreme Court of Texas. *See* TEX. R. APP. P. 41.3. The case filed in the 419th District Court is not before us.

[3] Under the version of the Workers' Compensation Act in effect when McLain died in April 2015, an eligible spouse was entitled to death benefits for life, but if the surviving spouse remarried, death benefits would cease 104 weeks after marriage. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, § 3.129, 2005 TEX. GEN. LAWS 469, 528. The law was amended a few months after McLain's death to exempt the surviving spouse of a first responder from the remarriage limitation, but the change applied only if the compensable injury occurred after September 1, 2015. *See* Act of May 28, 2015, 84th Leg., R.S., ch. 1018, §§ 1–3, 2015 TEX. GEN. LAWS 3572, 3572. In 2017, the law was further amended to eliminate the remarriage limitation regardless of the date of the first responder's death, but the limitation was removed only if the surviving spouse remarried on or after September 1, 2017. *See* Act of May 23, 2017, 85th Leg., R.S., ch. 468, § 1, 2017 TEX. GEN. LAWS 1260, 1260 (amended 2019) (deceased first responder's eligible spouse to be paid death benefits for life). Thus, if Merrill remarried before that date, the County would be required

contends, McLain and Merrill were not validly married, then McLain's parents are her beneficiaries, and the County is required to pay them death benefits for no more than 104 weeks.

To resolve disputes about a person's eligibility for death benefits, a case passes through three administrative stages in the Workers' Compensation Division[4]—a benefit-review conference, a contested-case hearing, and an appeal to a Division appeals panel—before the case is subject to judicial review.

First, the parties attend a benefit-review conference to discuss the claim's facts, review available information, delineate disputed issues, and if possible, resolve those disputed issues by agreement. *See* TEX. LAB. CODE ANN. § 410.021. After the conference, the benefit-review officer prepares a written report detailing each issue that was raised but not resolved, "including any issue raised for the first time at the conclusion of [a second] benefit review conference," if one was held. *See id.* § 410.026(a)(4). The benefit-review officer also identifies each issue that was resolved and states each party's position on every unresolved issue. *See id.* § 410.031. The Division then schedules a contested-case hearing on those unresolved issues. *See id.* § 410.025.

In the second stage, the parties attend the contested-case hearing before an administrative law judge ("the ALJ").[5] The ALJ generally may consider only those

_____

to pay death benefits for 104 weeks after his remarriage. Because Merrill asserts that he is entitled to lifetime benefits, we assume, without deciding, that he did not remarry before September 1, 2017.

[4] The Division is a part of the Texas Department of Insurance. *See* TEX. LAB. CODE ANN. § 402.001.

[5] When Merrill's contested-case hearing was held, the person presiding over such proceedings was called a "hearing officer," but the law has since been amended to refer to such a person as an "administrative law judge." For simplicity, we cite the current version of a statute or regulation if only this terminology has changed.

issues that were raised, but not resolved, at the benefit-review conference. *See id.* § 410.051. The ALJ may consider an issue that was not raised at the benefit-review conference only if the parties consent or "good cause existed for not raising the issue at the conference." *Id.* § 410.151(b); *see also* 28 TEX. ADMIN. CODE § 142.7(d), (e). Unless one of these exceptions applies, "the 'issues' that the review officer identifies remain the same through hearing, appeal, and judicial review." *State Office of Risk Mgmt. v. Martinez*, 539 S.W.3d 266, 274 (Tex. 2017). The ALJ's decision regarding benefits is final in the absence of a party's timely request for appeal. TEX. LAB. CODE ANN. § 410.169.

The third stage begins with a party's request for appeal to a Division appeals panel, to which the opposing party must file a response. *See id.* § 410.202. The request and response "must clearly and concisely rebut or support the decision of the ALJ on each issue on which review is sought." *Id.* To decide the issues for which the appeal was requested, the appeals panel reviews the request, the response, and the record developed at the contested-case hearing. *Id.* § 410.203. When affirming an ALJ's decision, the panel does not issue its own written decision except in cases (a) of first impression, (b) involving a recent change in the law, or (c) involving errors at the contested-case hearing requiring correction but that do not affect the hearing's outcome. *Id.* § 410.204(a-1). If the appeals panel does not issue its own decision, then the ALJ's decision is the appeals panel's decision. *Id.* § 410.204(c). The panel's decision is final absent a timely a timely suit for judicial review. *Id.* § 410.205(a).

Judicial review is available only as to certain matters and parties. Review "is limited to issues decided by the appeals panel and on which judicial review is sought." *Id*. § 410.302(b); *see also id.* § 410.301(a). Only a party who has exhausted

administrative remedies under the Act and "is aggrieved by a final decision of the appeals panel" may seek judicial review. *Id.* § 410.251.

## II. FACTUAL BACKGROUND

Both Merrill and McLain's parents initially claimed to be the proper beneficiaries of McLain's death benefits, but McLain's parents later withdrew their claim. In its capacity as carrier, the County disputed that Merrill was McLain's beneficiary because it denied he was her common-law husband. The parties reached no agreement on the issue at the benefit-review conference, and the benefit-review officer reported a single unresolved issue—"Identity of Legal Beneficiaries"—to be decided at a contested-case hearing.

Before the contested-case hearing, Merrill filed a "Response to BRC Report and Request to Add Issues," in which he asserted that "[four] issues were omitted from the BRC report and should be added." *See* 28 TEX. ADMIN. CODE § 142.7(e) ("A party may request the administrative law judge to include in the statement of disputes one or more disputes not identified as unresolved in the benefit review officer's report. The administrative law judge will allow such amendment only on a determination of good cause."). Merrill identified these matters as follows:

1. Does Travis County have standing to dispute [Merrill's] entitlement to death benefits?

2. Has Travis County waived its right (if any) to dispute [Merrill's] entitlement to death benefits?

3. Does 409.011(b)(4)[6] or any law or rule allow Travis County to dispute [Merrill's] entitlement to death benefits?

---

[6] Texas Labor Code section 409.011 requires the Division to send certain information to an employer on receiving notice of an injury or death. *See id*. § 409.011.

5

4. Is Travis County barred by the doctrines of collateral estoppel and/or res judicata from disputing [Merrill's] entitlement to death benefits?

The ALJ responded, "This request to add issues is denied for lack of good cause." *See id.*

After the contested-case hearing, the ALJ found that Merrill was McLain's common-law spouse and concluded that he is eligible to receive death benefits. Merrill asked the appeals panel to review the ALJ's refusal to add Merrill's requested issues to the contested-case hearing, but only if the County appealed the ALJ's decision.

As Merrill anticipated, the County did appeal, and although the appeals panel ordered the ALJ's decision modified to correct an error in Merrill's name,[7] the panel did not issue its own written decision. The ALJ's corrected decision therefore became the appeals panel's decision.

The County then exercised its statutory right to seek judicial review, and its petition was assigned to the 419th District Court in Travis County. Merrill filed his own petition for judicial review, which was assigned to the 353rd District Court.

In Merrill's suit, the County filed a plea to the jurisdiction on the ground, among others, that Merrill lacks standing because he is not "aggrieved" by the appeals panel's decision in his favor. The trial court granted the plea and dismissed Merrill's suit. Although Merrill presents four issues on appeal to this Court, we

---

[7] As Merrill pointed out to the appeals panel, the ALJ had omitted the generational suffix from Merrill's name. *See* TEX. LAB. CODE ANN. § 410.206 ("The division may revise a decision in a contested case hearing on a finding of clerical error.").

6

address only the dispositive question of whether he is "aggrieved" by the Division's appeals panel's decision, as that term is used in the Act.[8]

## III. STANDARD OF REVIEW

Because it implicates a trial court's subject-matter jurisdiction, standing is a question of law, which we review de novo. *See In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). Standing to seek judicial review of a workers'-compensation appeals-panel's decision is conferred by statute,[9] and we construe statutes under the same de novo standard of review. *See Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). We construe a statute to implement the legislature's intent as expressed in the statute's plain language, and we presume that the legislature intended each word to be given effect. *See id.* We consider a statute's words in context and construe them according to the rules of grammar and common usage. *See* TEX. GOV'T CODE ANN. § 311.011.

We similarly review de novo the grant of a plea to the jurisdiction. *See Verno Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015) (per curiam). Where, as here, the plea challenges a party's pleadings, we construe the pleadings liberally and consider the pleader's intent. *See Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018).

## IV. ANALYSIS

The Act's provision concerning standing for judicial review states, "A party that has exhausted its administrative remedies under this subtitle and that is *aggrieved* by a final decision of the appeals panel may seek judicial review under

---

[8] For the parties' reference, this is the third of Merrill's four issues, and we do not address his first, second, and fourth issues.

[9] *See* TEX. LAB. CODE ANN. § 410.251.

this subchapter[10] and Subchapter G[11] if applicable." TEX. LAB. CODE ANN. § 410.251 (emphasis added). In a legal sense, "aggrieved" means "having legal rights that are adversely affected; having been harmed by an infringement of legal rights." *Aggrieved*, BLACK'S LAW DICTIONARY (11th ed. 2019).[12] A party is "aggrieved" by the appeals panel's decision only if the loss from that decision is "actual and immediate." *Just Energy Tex. I Corp. v. Tex. Workforce Comm'n*, 472 S.W.3d 437, 441 (Tex. App.—Dallas 2015, no pet.); *City of San Antonio v. Diehl*, 387 S.W.3d 777, 782 (Tex. App.—El Paso 2012, pet. denied); *Covenant Health Sys. v. Dean Foods Co.*, No. 07-09-0348-CV, 2011 WL 3717056, at *4 (Tex. App.—Amarillo Aug. 24, 2011, pet. denied) (mem. op.); *In re Tex. Mut. Ins. Co.*, 331 S.W.3d 70, 77 (Tex. App.—Eastland 2010 [mand. denied]); *Ins. Co. of the State of Pa. v. Orosco*, 170 S.W.3d 129, 133 (Tex. App.—San Antonio 2005, no pet.). "[A] possible future injury or loss as a consequence of the panel decision is not sufficient to show an aggrievement." *Orosco*, 170 S.W.3d at 133; *see also DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008) ("For standing, a plaintiff must be personally aggrieved; his alleged injury must be concrete and particularized, actual or imminent, not hypothetical.").

---

[10] "[T]his subchapter" is subchapter F, titled "Judicial Review–General Provisions." *See id.* §§ 410.251–.258.

[11] *See id.* §§ 410.301–.308. Subchapter G is titled, "Judicial Review of Issues Regarding Compensability or Income or Death Benefits."

[12] In a non-legal sense, *aggrieved* is used to describe a person's emotional state of being "angry or sad on grounds of perceived unfair treatment." *Aggrieved*, BLACK'S LAW DICTIONARY (11th ed. 2019). *See also* NEW OXFORD AMERICAN DICTIONARY 31 (Angus Stevenson & Christine Lindberg eds., 3d ed. 2010) (defining *aggrieved* as "feeling resentment at having been unfairly treated"); THE COMPACT EDITION OF THE OXFORD ENGLISH DICTIONARY 46 (Oxford University Press 1971) (defining *aggrieved* to include "[o]ppressed or hurt in spirit; distressed, troubled, annoyed, vexed"). It is self-evident that the legislature used *aggrieved* in the legal sense.

In his petition, Merrill explained the ways he was, and was not, aggrieved by the appeals panel's decision as follows:

The only issue decided at the workers' compensation administrative level concluded that Mr. Merrill was the common[-]law spouse of Kristin McLain, thus awarding him spousal benefits under the Texas Labor Code. Mr. Merrill does *not* appeal that factual determination.[13]

Rather, the basis for this petition for judicial review concerns only the following:

[The Division], despite Mr. Merrill's multiple requests, refused to add dispositive legal issues to be decided at the administrative level. Specifically, [the Division] refused to decide whether

1. Travis County has standing to dispute [Merrill's] entitlement to death benefits?

2. Travis County waived its right (if any) to dispute [Merrill's] entitlement to death benefits?

3. Labor Code §409.011(b)(4) or any law or rule allow[s] Travis County to dispute [Merrill's] entitlement to death benefits?

4. Travis County is barred by the doctrines of collateral estoppel and/or res judicata from disputing [Merrill's] entitlement to death benefits?

The record conclusively establishes that Merrill is not aggrieved by the appeals panel's ruling, because as he concedes in his petition, the appeals panel ruled in his favor on the only issue it decided. The appeals panel's decision did not adversely affect or infringe Merrill's legal rights, because he received all the relief he requested, that is, the appeals panel determined that Merrill was McLain's common-law spouse and that he is the rightful beneficiary of the benefits due from her death. *See City of Galveston v. Flagship Hotel, Ltd.*, 319 S.W.3d 948, 952 (Tex. App.—Austin 2010, pet. denied) (plaintiff was not aggrieved by an administrative

---

[13] Emphasis in original.

order granting the relief the plaintiff requested). A party is not aggrieved simply because the agency grants the requested relief on a different ground. *Cf. C.O.N.T.R.O.L. v. Sentry Envtl., L.P.*, 916 S.W.2d 677, 679 (Tex. App.—Austin 1996, writ denied) (party that successfully sought the Natural Resource Conservation Commission's denial of a landfill permit was not "aggrieved" simply because the agency denied the permit on a ground different than the one urged).

Merrill nevertheless argues on appeal that he is aggrieved by the appeals panel's decision because the decision "affects" him, and the Texas Supreme Court has indicated that "aggrieved" and "affected" are synonymous. *See Hooks v. Tex. Dep't of Water Res.*, 611 S.W.2d 417, 419 (Tex. 1981). But, not every sense of the word "affected" is synonymous with aggrieved. For example, a person can be favorably *affected* by a legal ruling, just as Merrill was favorably affected by the determination that he is McLain's beneficiary, but it is impossible for a person to be favorably *aggrieved*. Rather, "aggrieved" is synonymous with "adversely affected,"[14] and the Texas Supreme Court used "affected" in that sense in *Hooks.*

In that case the Hookses unsuccessfully challenged the Texas Department of Water Resources' grant of a waste-discharge permit allowing a sewage-treatment plant to discharge an average of 750,000 gallons of wastewater per day into a creek flowing through the Hookses' property.[15] The trial court dismissed the Hookses' judicial-review action for lack of standing, and the Texas Supreme Court reversed. The Texas Administrative Procedure and Texas Register Act authorized an "aggrieved" party to seek judicial review,[16] and because this provision was

---

[14] *Aggrieved*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[15] *See Hooks*, 611 S.W.2d at 418.

[16] *Id.* at 419 (quoting former TEX. REV. CIV. STAT. ANN. art. 6252-13a, § 19(a), *recodified as* TEX. GOV'T CODE ANN. § 2001.171, Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 46(1), sec. 2001.171, 1993 TEX. GEN. LAWS 283, 749).

cumulative of the Texas Water Code's provision authorizing a person "affected" by the Department's decision to seek review,[17] the court held that "[t]he terms 'aggrieved' and 'affected' are synonymous."[18] The facts of the case show that the court used the word "affected" in referring to the non-prevailing parties who were adversely affected by the challenged decision, not to a prevailing party who benefited from it. *See also Just Energy Tex. I Corp.*, 472 S.W.3d at 437 (explaining that under *Hooks*, an appellant must show it is adversely affected by the challenged order).

Merrill also asserts that he "has standing to seek judicial review of his 'threshold issues *that would preclude the County's ongoing litigation.*"[19] Because Merrill has standing to pursue judicial review of the appeals panel's decision only if he was aggrieved by it, he seems to suggest that he is aggrieved because the County, as the party actually aggrieved by the appeals panel's decision, exercised its statutory right to seek judicial review. Merrill does not dispute that an aggrieved party has the statutory right to seek judicial review; indeed, he claims that right for himself. But because that right exists, the appeals panel had no ability to render a decision precluding the aggrieved party from exercising that right.

---

[17] *Id.* (alteration in original) (emphasis added) (quoting Act of May 17, 1977, 65th Leg., R.S., ch. 870, § 1, sec. 5.351, 1977 TEX. GEN. LAWS 2207, 2214 (amended 1985 & 2017)).

[18] *Id.* (citing *City of San Antonio v. Tex. Water Comm'n*, 407 S.W.2d 752, 765 (Tex. 1966)).

[19] Emphasis added. Merrill cites an unpublished federal case as recognizing that actual or immediate injury or loss can be shown by "involvement in ongoing litigation that would lead to the parties' immediate injury." But the case he cites did not so hold. *See New Hampshire Ins. Co. v. Dominguez*, 739 Fed. Appx. 253, 254, 2018 WL 4697072, at *1 (5th Cir. Sept. 28, 2018) (per curiam). The court did not suggest that "involvement" in a civil suit would confer standing pursuant to Texas Labor Code section 410.251. The issue was not presented, because the carrier did not establish that it was "involved" in the civil suit to which it was not a party. The court did hold, however, that "a party is not 'aggrieved,' and thereby authorized to appeal a [Division] decision, simply because it has not received all the relief that it initially sought." *Id.* As applied to Merrill's attempt to obtain judicial review of the appeals panel's "refus[al] to decide" the four additional questions he asked, we agree.

In a related argument, Merrill states that although he has been receiving the death benefits owed to him, he is aggrieved because "since at least the date of the benefits review conference in January 2017, Merrill has had to incur the expense and be involved in defending against the County's continuing attempts to take those death benefits away." But if Merrill has had to incur legal fees in this dispute since the benefit-review conference, then his attorney's fees were not caused by the appeals panel's decision in his favor. Moreover, Texas follows "the American Rule," under which each party pays its own attorneys' fees unless a fee award is expressly authorized by a contract or statute. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006); *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996). Merrill does not contend that such a contract or statute applies to this case nor does he dispute that the American Rule applies. Under these circumstances, his responsibility for his own attorney's fees is not a legally cognizable injury.

## V. CONCLUSION

Because Merrill's petition conclusively established that he was not aggrieved by the appeals panel's decision, the trial court did not err in granting the County's plea to the jurisdiction. We accordingly affirm the trial court's judgment.


/s/    Tracy Christopher
       Justice


Panel consists of Justices Christopher, Spain, and Poissant.