**Affirmed and Opinion Filed February 22, 2024**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-01357-CV**

**CHARLOTTE CARROLL, Appellant**
**V.**
**CC MAPLE, LLC, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-05637-C**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Carlyle

Charlotte Carroll sued CC Maple, LLC alleging breach of a contract related to COVID-19. CC Maple filed a no-evidence motion for summary judgment and a plea to the jurisdiction, both of which were granted. Liberally construed and re-organized, Carroll's appellate brief raises three types of complaints concerning the trial court's rulings: (1) dismissal after the trial court determined it lacked jurisdiction; (2) denial of due process and due course of law; and (3) judicial impropriety. CC Maple did not file a response. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

The trial court granted CC Maple's plea to the jurisdiction and no-evidence motion for summary judgment. Carroll, who appears pro se, argues that "In making a ruling in a setting which [the trial court judge] stated she had no jurisdiction, she violated due process." Carroll also cites the Texas Constitution and argues the trial court denied her due process and due course of law when it dismissed her claims despite lacking jurisdiction to reach the merits.

Courts, however, "always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson County*, 369 S.W.3d 137, 146 n.14 (Tex. 2012). "Without jurisdiction the court cannot proceed at all in any cause." *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013). Thus, trial courts must determine whether they have the constitutional or statutory authority to decide a case at the earliest opportunity. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Contrary to Carroll's contention, trial courts must dismiss cases when they lack jurisdiction. *See Just Energy Texas I Corp. v. Texas Workforce Comm'n*, 472 S.W.3d 437, 444 (Tex. App.—Dallas 2015, no pet.). Here, the trial court dismissed Carroll's case after determining it lacked jurisdiction and Carroll did not challenge the propriety of the trial court's determination on appeal. *See* TEX. R. APP. P. 38.1 (f) & (i). Thus, we overrule Carroll's first reorganized issue.[1]

---

[1]    We acknowledge that the reasons supporting the entry of summary judgment despite the trial court's conclusion that it lacked jurisdiction are not clear from the record. Liberally construing

In her second reorganized issue, Carroll argues the trial court deprived her of due process and due course of law when it dismissed her case based on its conclusion that it lacked jurisdiction. We disagree because courts must dismiss cases when they lack jurisdiction. *See Just Energy Texas I Corp.*, 472 S.W.3d at 444. Without citations to authorities and facts, we decline to hold that courts dismissing cases based on the absence of jurisdiction violate due process or due course of law protections when they do so. *See* TEX. R. APP. P. 38.1 (g) & (i). We overrule Carroll's second reorganized issue.

Finally, Carroll (1) challenges the trial court's conduct as improperly partial and prejudiced and (2) accuses the trial court of participating in *ex parte* communications by speaking about her with opposing counsel "in a negative manner." A thorough review of Carroll's brief, however, reveals no citation to any evidence in the record that supports either of Carroll's complaints.[2] *See* TEX. R. APP. P. 38.1(g). Furthermore, our review of the record reveals no evidence of improperly partial or prejudicial statements and no evidence of *ex parte* communications. Thus, we overrule Carroll's reorganized third issue.

\*          \*          \*

---

Carroll's briefs to attack the propriety of summary judgment under these facts, we conclude it was harmless based on the trial court's unchallenged conclusion on appeal that it lacked jurisdiction.

[2]   While we acknowledge that Carroll's appellate brief refers to a "mailed audio file," this file is neither part of the clerk's record nor accessible for our review. "Documents attached to briefs that are not part of the clerk's or reporter's records are not part of the appellate record and may not be considered by the reviewing court." *In re Estate of Bendtsen*, 230 S.W.3d 823, 830 (Tex. App.—Dallas 2007, pet. denied).

Having overruled Carroll's issues on appeal, we affirm the judgment of the trial court.

221357f.p05

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLOTTE CARROLL,
Appellant

No. 05-22-01357-CV     V.

CC MAPLE, LLC, Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-20-05637-C.
Opinion delivered by Justice Carlyle. Justices Reichek and Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CC MAPLE, LLC recover its costs of this appeal from appellant CHARLOTTE CARROLL.

Judgment entered this 22nd day of February, 2024.